**SYNTHETIC PLASTICS CO., Inc., et al. v. ELLIS–FOSTER CO. et al.**

No. 5547.

Circuit Court of Appeals, Third Circuit.

July 11, 1935.

Watson, Bristol, Johnson & Leavenworth, of New York City (L. A. Watson and D. A. Woodcock, both of New York City, of counsel), for appellants.

Arthur H. Bissell, of Montclair, N. J. (Sol. Shappirio, of Washington, D. C., of counsel), for appellees.

Before WOOLLEY, DAVIS, and THOMPSON, Circuit Judges.

THOMPSON, Circuit Judge.

This appeal is from a decree of the District Court for the District of New Jersey dismissing the appellants' bill of complaint and amended bill of complaint filed under R. S. § 4915, as amended (35 US CA § 63). This section provides: "Whenever a patent on application is refused by the Commissioner of Patents, the applicant, unless appeal has been taken from the decision of the board of appeals to the United States Court of Customs and Patent Appeals, and such appeal is pending or has been decided, in which case no action may be brought under this section, may have remedy by bill in equity, if filed within six months after such refusal; and the court having cognizance thereof, on notice to adverse parties and other due proceedings had, may adjudge that such applicant is entitled, according to law, to receive a patent for his invention, as specified in his claim, or for any part thereof, as the facts in the case may appear."

The determinative issue on this appeal is whether the District Court has jurisdiction under the above statute. The two statutory requisites are that the applicant shall have been refused a patent by the Commissioner of Patents and that no appeal shall be pending in, or shall have been decided by, the United States Court of Customs and Patent Appeals.

The amended bill of complaint set forth that Hans Goldschmidt and Oskar Neuss were the true, original, first, and joint inventors of a new process; that on March 29, 1923, they filed application for a patent in the United States Patent Office with an effective date of August 17, 1922; that on or about July 1, 1931, they assigned their rights to the corporate appellant; that the Commissioner of Patents adjudged that the invention described interfered in part with a patent to Carleton Ellis, the assignor of the corporate appellee; that the Examiner of Interferences refused to receive proof as to priority and subsequently refused to grant a patent to Goldschmidt and Neuss; that, upon appeal, the Board of Appeals in the Patent Office affirmed the refusal to award priority of invention to Goldschmidt and Neuss; that the Commissioner thereupon refused them a patent; and that no appeal has been taken to the United States Court of Customs and Patent Appeals. The decisions rendered by the Examiner of Interferences and by the Board of Appeals were attached to the amended bill of complaint as exhibits. The appellants prayed that Goldschmidt and Neuss be declared the true inventors; that the corporate appellant be entitled to receive a patent for the invention; and that the Commissioner be authorized to issue a patent to the corporate appellant.

The amended bill contains on its face sufficient allegations to confer jurisdiction upon the District Court. The exhibits, however, disclose that the Examiner of Interferences and the Board of Appeals did not decide the issue as to priority of invention in the interference proceedings and did not refuse a patent. The decision of the Examiner of Interferences was that Goldschmidt and Neuss were equitably estopped from making their claim. The Examiner of Interferences granted the motion to dissolve the interference on the ground that, although Goldschmidt and Neuss knew of a prior interference pending in another division of the Patent Office, they took no action until the patent was issued to Ellis. The granting of a motion to dissolve an interference is an interlocutory and not a final order. It is not the same as a refusal of a patent by the Commissioner of Patents, which is a final order from which an appeal lies to the District Court.

As was said in American Cable Co. v. John A. Roebling's Sons Co., 62 App. D. C. 168, 65 F.(2d) 801, 802: "An interference proceeding is solely to determine the issue of priority, and the only final order that can be entered in such a proceeding is a determination of the question of prior-

ity. Motions to dissolve or to add counts go to the determination of whether or not the interference is properly declared. A decision, therefore, on such motion is purely interlocutory. In Carlin v. Goldberg, 45 App. D. C. 540, this court held as follows: 'A motion to dissolve is interlocutory, and appeal will not lie to this court from an order thereon. The question of priority cannot be determined in proceedings purely upon the motion, for the elementary reason that, if the motion is denied, the soundness of the ruling is a question ancillary to the final judgment of priority, and may be considered on an appeal from the final order of priority (Podlesak v. McInnerney, 26 App. D. C. 399); while, if the motion be sustained, it ends the interference and no cause of action survives or exists upon which an order of priority can be based.' "

In the instant case there was in fact no adjudication as to priority of invention and no refusal of a patent. It is therefore apparent that one of the statutory requisites for jurisdiction is absent in the instant case.

Restricting our ruling to the only question before us, we hold that R. S. § 4915 (35 USCA § 63) did not confer jurisdiction upon the District Court and that the bill was properly dismissed.

Decree affirmed.