462

## BOOTH FISHERIES CORPORATION v. COE, Commissioner of Patents.

### No. 7441.

United States Court of Appeals for the District of Columbia.

Decided May 13, 1940.

Petition for Rehearing Denied June 24, 1940.

Writ of Certiorari Denied Oct. 28, 1940.

See 61 S.Ct. 72, 85 L.Ed. ——.

Joseph H. Milans and Calvin H. Milans, both of Washington, D. C., and Charles F. Murray, of Chicago, Ill., for appellant.

William Wallace Cochran, United States Patent Office, of Washington, D. C., for appellee.

Before STEPHENS, EDGERTON, and RUTLEDGE, Associate Justices.

EDGERTON, Associate Justice.

This is a suit to authorize the "reissue" of a patent.[1] The District Court dismissed the bill, and plaintiff appeals.

Appellant holds Cooke patent 1,614,455, issued in 1927, for freezing fish or other foods. Its specification and claims describe a series of containers so stacked that the bottom of one serves as the top of another. They have hollow walls, through which brine circulates. Means are provided for lifting them one at a time, warming them, and turning them over, to remove their contents when frozen.

Appellant asks the reissue of this patent with the addition of claims copied from patents 1,773,079 and 1,773,081, issued to Birdseye in 1930, and from patents 1,822,-121 and 1,822,123, issued to Barry and to Birdseye & Hall in 1931. These added claims, which are here on appeal, do not relate to containers with hollow walls or to any other sort of containers. They disclose the very different concept of freezing food by placing it on a flat refrigerating surface and pressing another flat refrigerating surface down upon it. This eliminates the necessity of freezing in pans or cans, loosening them by warming, and then lifting, inverting and dumping them.

Appellant relies on R.S. § 4916,[2] which provides that "Whenever any patent is wholly or partly inoperative or invalid, by reason of a defective or insufficient specification * * * if the error has arisen by inadvertence, accident, or mistake * * * the commissioner shall * * * cause a patent for the same invention, and in accordance with the corrected specification, to be reissued * * * but no new matter shall be introduced into the specification." In order to succeed, appellant must bring its case within this statute. Appellant contends that the failure of the original Cooke application to disclose the concept of the appealed claims was due to "inadvertence, accident, or mistake." Cooke says in effect, though not in terms, that he had this concept in mind and intended to embody it in the application. He says that he was unskilled in the construing of patent claims, and that the claims in suit "might and should have been made in his said patent but for the mistake of deponent's attorney." But no one, skilled or unskilled, could read Cooke's original application without seeing that it dealt with freezing in vessels with walls, and not with freezing between two flat surfaces. The application uses the word "container" dozens of times. That word occurs at least

---

[1] R.S. §§ 4915, 4916, 35 U.S.C. §§ 63, 64, 35 U.S.C.A. §§ 63, 64.

[2] 35 U.S.C. § 64, 35 U.S.C.A. § 64.

three times in each of the 31 claims. The application refers to "hollow walls," "double walls," "wells * * * for the reception of comestibles," a "cover" and "contents." It states that "each container is consecutively raised and turned upside down" and "emptied." The failure of the application to disclose the concept of freezing between two flat refrigerating surfaces is so plain as almost to compel the inference that it was not due to "inadvertence, accident or mistake." [3] Accordingly, the District Court's finding to that effect is fully supported by the evidence.

As this disposes of the appeal, it is unnecessary to consider the other questions which counsel have argued, including appellee's defenses of delay and abandonment and appellant's charges of fraud against one of the other patentees.

Affirmed.

STEPHENS, Associate Justice, concurs in the result.

---

[3] "The law imputes knowledge when opportunity and interest, combined with reasonable care, would necessarily impart it." Ives v. Sargent, 119 U.S. 652, 661, 7 S.Ct. 436, 441, 30 L.Ed. 544.