## MONOPOWER CORPORATION et al. v. COE, Commissioner of Patents.

### No. 65239.

District Court of the United States for the District of Columbia.

June 3, 1940.

William T. Geier, of Washington, D. C., and John C. L. Cowen, of Detroit, Mich., for plaintiffs.

H. S. Mackey, of Washington, D. C., for defendant.

MORRIS, Associate Justice.

This is a proceedings brought under Section 4915, United States Revised Statutes, 35 U.S.C.A. § 63. On January 11, 1934, Robert B. Aspinwall, one of the plaintiffs, filed in the United States Patent Office an application for letters patent, designated as Serial No. 706,232, with respect to certain automatic transmission of power from a power driving shaft to a driven shaft, with gear control by hydraulic means. On August 11, 1934, Roy E. Milliken and Word Milliken filed an application for letters patent, designated as Serial No. 739,380, with respect to methods of transmission of power and automatic selection of gears by hydraulic means. The Milliken application resulted in patent No. 2,003,212, dated May 28, 1938. Thereafter, on January 9, 1936, plaintiff's application was amended by including therein claims numbered 92 to 105, inclusive, of which certain claims have been cancelled, leaving only those numbered 92, 93, 95, 96, 98, 99, 100, 101 and 102. These claims were copied from the Milliken patent, so that an interference could be established and the priority could be determined under the Rules of Practice in the United States Patent Office. The examiner decided that claim 92 was illustrative of all of the claims in controversy, with which decision the applicant agreed, and thereupon held that claim 92 does not properly define any invention described by applicant and, therefore, should not be allowed. Therefore, no interference was declared, nor were proceedings had to determine priority between the Milliken patent and plaintiffs' application. The Board of Appeals affirmed the decision of the examiner. It is agreed by counsel for the respective parties that the decision of the court with respect to claim 92 will be recognized as determinative of all of the claims. Claim 92 reads as follows: "92. An automatic transmission comprising, a plurality of gear trains each including overrunning gears, a drive shaft, a driven shaft adapted to be connected to said gears and directly to said drive shaft, a plurality of clutches certain of which have one part permanently connected to said gears and one of which has one part adapted to be directly connected to the drive shaft thereby providing predetermined gear ratios, whereby the operation of a particular clutch sets up a transmission ratio different from those set up by the other clutches, means adapted to drive the clutches, hydraulic means for actuating one or more of the clutches at the same time and in sequence, means for supplying fluid under pressure, speed responsive means for directing the supply of pres-

sure fluid to said hydraulic means to actuate one or more of said clutches at the same time and in sequence, whereby a continuous transmission of power uninterrupted by speed variations is set up, and manually operated means adapted to restrain the speed responsive means against speed responsive actuation during a predetermined speed range, whereby a selected transmission ratio may be maintained during said range."

The points in respect of which the defendant insists the claim does not describe the mechanism shown in plaintiffs' application are succinctly stated by the defendant as follows:

"1. There are three clutches and two overrunning gears required, whereas applicant discloses only two clutches and two overrunning gears, or three clutches and one overrunning gear, depending on what names are applied to the mechanical elements disclosed by plaintiffs.

"2. The claim requires hydraulic means for actuating one or more of the clutches at the same time, whereas the only two clutches hydraulically operated in plaintiffs' disclosure are clutches 50 and 51 which are not operated at the same time.

"3. The claim requires that certain of the clutches have one part permanently connected to the gears, whereas if plaintiffs read their overrunning gear 36 as a clutch they have no such permanent connection."

The mechanism is very complicated and, without reproducing the drawings, it is difficult to clearly explain the critical features in controversy. With respect to the first point of difference, it will have to suffice to state that plaintiffs' mechanism contains two elements (50 and 51) which are admittedly clutches, but it is contended by the defendant that the third element (the keyed hubbed portion 38, sliding upon splines 39, in connection with 36) may not be termed a clutch, if this combination of elements is also to answer the description of an overrunning gear. It is contended that the plaintiffs' disclosures do not show two overrunning gears, as required by statements in the claim, if the elements last referred to are to be considered as the required third clutch. The evidence given at the hearing clearly supports the contention of the plaintiffs. There could be no possible question on this point if, instead of the term "clutch", the term "clutching means" had been employed in the claim, and the combination in the plaintiffs' disclosure is clearly the mechanical equivalent for the required third clutch. That elements of the combination also serve the purpose of an overrunning gear ought not, it seems to me, defeat the plaintiffs' right to the invention, if in fact his conception was prior to that of Milliken.

With respect to the second point of difference, the evidence submitted at the hearing clearly shows that clutches 50 and 51 are so operated by hydraulic means that an increase from one speed to the higher speed is accomplished by sufficient overlapping, although not remaining continuously in operation, as in the Milliken patent, to enable the change to take place without interruption, which is the object and purpose of both structures.

And with respect to the third point of difference, it appears from the evidence at the hearing that there is such permanence of connection in the assembled parts 36, 37 and 38 as renders that assembly sufficient to serve the purpose of the requirement in the claim.

The two mechanisms are designed to accomplish, by hydraulic means and automatic valve control, changes of speed (which theretofore could only be accomplished by the manual shifting of gears) and without interruption in the flow of power. This each structure does by means which, if not identical, serve the same mechanical purpose. It could hardly be thought that, if either of these structures were known to the prior art, the other one would be considered patentable. Where two or more parties claim "substantially" the same patentable invention, the rules of the Patent Office provide for an interference proceeding, instituted for the purpose of determining the question of priority of invention between such parties. That the invention is patentable is recognized by the issue of the patent to Milliken. Where an applicant discloses a mechanism which performs a new and useful function by such substantially similar mechanical operation as a mechanism disclosed in an application subsequently filed, there should be, by some appropriate means, a determination as to priority of invention before a patent is denied to the first applicant. And, while due regard should be given to the meaning of the terms used in claims proposed for a proceeding to determine that priority, the determination of who is the true inventor

should not be frustrated by putting the entire emphasis upon the exactitude of the terminology employed in the claim.

My conclusion is that, unless, by appropriate proceedings in the Patent Office, it is determined that Roy E. Milliken and Word Milliken have priority of invention with respect to the claims here in controversy, the plaintiffs are entitled, according to law, to receive a patent for the inventions as specified in such claims, and that the plaintiffs are entitled to the relief sought by the complaint herein.