**JEFFREY MFG. CO. v. KINGSLAND,**
Commissioner of Patents.

Civ. No. 1321–47.

District Court of the United States for the District of Columbia.

May 20, 1948.

Harker H. Hittson, of Columbus, Ohio, for plaintiff.

E. L. Reynolds, of Washington, D. C., for defendant.

HOLTZOFF, Justice.

This case involves the question whether, after the Court of Customs and Patent Appeals reverses a ruling of the Commissioner of Patents denying an application for a patent and remands the proceedings to the Commissioner, the Patent Office may never-theless deny the application on the basis of additional references to the prior art, which the examiner had not previously cited.

The plaintiff in this action filed an application for a patent on July 24, 1942, Serial No. 452,152. The subject matter of the application was a ventilator for use in underground mines. The application was rejected by the Patent Office and an appeal was taken by the applicant to the Court of Customs and Patent Appeals. The Court of Customs and Patent Appeals held that two of the claims were patentable over references of record, Application of Curley, 158 F.2d 300, 34 C.C.P.A., Patents, 749. The Court accordingly reversed the action of the Patent Office as to these two claims and remanded the proceeding to the Commissioner for further action. The Patent Office, nevertheless, after this remand, again denied the application on the basis of additional references to the prior art, which the examiner had not previously cited, but which he had apparently discovered subsequently to the decision of the Court of Customs and Patent Appeals.

This action was thereupon brought by the applicant for relief in the nature of mandamus against the Commissioner of Patents to require the Commissioner to issue a patent to the applicant. It is the contention of the plaintiff that the determination by the Court of Customs and Patent Appeals is res judicata as to the right of the plaintiff to letters patent and that the Commissioner of Patents may not reopen the proceeding and reject the application on the basis of additional references to the prior art.

It is clear that if the general doctrine of res judicata were applicable to this proceeding, the plaintiff's contention would be sound. Under the usual application of the rule of res judicata a judgment bars subsequent consideration not only of those issues which were decided by a court of competent jurisdiction but also of those matters which could have been raised and decided in the prior action. The problem presented, therefore, is whether an exception to the general doctrine of res judicata exists in respect to the proceedings of the nature here involved.

So far as the Court is aware, this precise point does not appear to have been determined in any court decision. Counsel have been unable to find any. In Hoover Co. v. Coe, 325 U.S. 79, 88, 89, 65 S.Ct. 955, 959, 89 L.Ed. 1488, however, Mr. Justice Roberts, speaking for a unanimous court, makes certain observations which are pertinent to the question under consideration here. With apparent approval, he quotes from a brief filed by the Commissioner of Patents the following remarks concerning suits under Revised Statutes, Sec. 4915, 35 U.S.C.A. § 63:

"* * * in rare instances where, after termination of the suit, a new reference is discovered which shows lack of patentability of the claim for a reason not considered by the court, this Office considers itself under a duty to reject the claims on the newly discovered ground, and to refuse a patent on those claims unless the applicant can overcome the new ground of rejection."

This quotation from the statement of the Commissioner of Patents is followed by the following observations made by Mr. Justice Roberts:

"* * * where an applicant has succeeded in a bill filed under R.S. § 4915, the courts have not questioned the power of the Patent Office subsequently to disallow the claims for want of invention over a newly discovered reference to the prior art."

In Radtke Patents Corporation v. Coe, 74 App.D.C. 251, 122 F.2d 937, the facts were as follows. An application for a patent was filed in the Patent Office. The final ruling of the Patent Office was followed by a suit in this Court under Sec. 4915 of the Revised Statutes. This Court rendered judgment awarding priority to the plaintiff's assignor and authorizing the issuance of letters patent. Subsequently, the Patent Office reopened the matter to determine the patentability of the claims involved in the controversy. It reached the conclusion that the claims were not patentable and declined to issue a patent. The question presented in the instant case was not discussed but apparently the Court of Appeals assumed that the Patent Office had the right to reopen the proceeding involved in the application for a patent, in spite of the fact that this Court, in a proceeding under Sec. 4915, had previously authorized the Commissioner of Patents to issue letters patent to a specified applicant.

In the absence of any controlling authority upon the question here involved, it seems to this Court that the observations of the Supreme Court in Hoover Co. v. Coe, 325 U.S. 79, 65 S.Ct. 955, 89 L.Ed. 1488, as well as the course of procedure followed by the United States Court of Appeals for the District of Columbia in Radtke Patents Corporation v. Coe, 74 App.D.C. 251, 122 F.2d 937, should be followed by this Court in the instant case.

The Court realizes that the doctrine of res judicata is not merely a rule of law, but also involves a doctrine of public policy. It is in the interest of the public that there be an end to litigation. Moreover, it is only fair to litigants that once their rights have been adjudicated, the matter should not ordinarily be reopened for a consideration of points that might have been raised in the original proceeding.

There is another consideration of public policy, however, that is countervailing in this instance. The grant of an application for a patent confers a monopoly. It is of interest to the public that no monopoly should be granted in respect to matters that otherwise would be in the public domain. If it be the fact that a reference to the prior art establishes the proposition that the device on which a patent is sought is in the public domain, it would be detrimental to the public interest to grant a monopoly merely because the examiner in the Patent Office was dilatory in discovering that reference.

In view of the considerations that the Court has just reviewed, the Court will render a judgment for the defendant on the merits.