**ERICSON et al. v. JORGENSEN et al.**

No. 13970.

United States Court of Appeals
Eighth Circuit.

Jan. 26, 1950.

Rehearing Denied March 31, 1950.

Hugh M. Morris, Wilmington, Del. (Bertram H. Mann, Jr., and George R. Ericson, St. Louis, Mo., on the brief), for appellants.

John H. Bruninga, St. Louis, Mo. (Alex F. Baillio, Detroit, Mich., on the brief), for appellees.

Before SANBORN, WOODROUGH and RIDDICK, Circuit Judges.

## WOODROUGH, Circuit Judge.

This appeal is taken from the judgment rendered by the District Court pursuant to and in accordance with its opinion which is reported at 81 F.Supp. 614 and is here referred to in entirety to avoid repetition. As stated in the opinion, the action was brought by bill in equity under Revised Statutes Sec. 4915, Title 35 U.S.C.A. § 63, to obtain a decree authorizing the Commissioner of Patents to issue a patent including a claim which was the subject matter of an interference proceeding before the Patent Office, to the General Motors Corporation, assignee of the plaintiffs Clarence H. Jorgensen and Clarence H. Jorgensen, Administrator, pursuant to an application of the Jorgensens for patent filed on January 8, 1932. A similar action was brought at the same time to authorize issuance of patent embodying other claims also in interference to the same assignee pursuant to Jorgensens' same application. The Board of Interference Examiners had heard the two interferences together and had decided adversely to the claim of the Jorgensens in each and had awarded priority of invention to George Ericson in one and to Otto Henning in the other. As shown in the court's opinion, above cited, the two civil actions were tried at the same time and two opinions were handed down, the other being reported at Jorgensen v. Henning, 81 F. Supp. 621. The separate judgment of the court in each case was contrary to the decision of the Board of Interference Examiners and was to the effect that the Jorgensens were first and original inventors prior to Ericson and Henning. Each judgment authorized the Commissioner of Patents to issue patent to Jorgensens' assignee. Separate appeals on a single record are taken to reverse the judgments and we

consider first the judgment entered pursuant to the opinion reported at 81 F.Supp. 617. It adjudges that the Jorgensens were entitled to be awarded priority of invention against Ericson in respect to the single count which was a claim of the Ericson patent adopted for the purpose of interference under the Jorgensen Application and involved in the interference and directs decree authorizing the Commissioner of Patents to issue patent including that count to the assignee of the Jorgensens.

The trial court said 81 F.Supp. at page 616: "As the common subject matter of the claims embodied in the interference proceedings were determined by the Patent Office, I see no reason for a more detailed description of the patents or claims in controversy" and it is clear from the whole record that the sole fact question which was put in issue and tried out and adjudicated in the trial court was whether or not the Jorgensens had conceived and reduced to practice their certain identified device called an automatic choke for automobiles at a date prior to Ericson's original application filed on November 6, 1931. The defendants' position in that controversy was that the device produced and relied on by Jorgensens as to their prior invention was not conceived and reduced to practice prior to the date of Ericson's application and that it was merely one of numerous experimental combinations assembled by the Jorgensens in the course of their efforts to "find means that would sense the requirements necessary to start and run an automobile engine particularly when cold, entirely automatically", and that the Jorgensens had concluded as early as August, 1930, some eighteen months before they filed their patent application, that their device was ineffective and that it became merely an abandoned experiment affording no basis for the issuance of patent. In response to that issue, after considering the device itself and all that related to the conception, construction and reduction to practice, the court declared that its careful weighing of all the evidence "carries thorough conviction which is required by law that plaintiffs conceived and reduced to practice their patent in 1928 and 1929." The judgment according priority to Jorgensens was rested upon the "thorough conviction" so arrived at and declared by the court. As shown in the opinion, the questions of law raised by defendants were ruled in favor of the plaintiffs.

On this appeal it is contended for appellants for reversal (1) that the evidence was insufficient to sustain the judgment; (2) that the plaintiffs failed to present to the court all the evidence that was before the Board of Interference Examiners, and introduced evidence not submitted to the Board and thereby made it impossible for the court to adjudicate priority of invention contrary to the award of priority made by the Board; (3) that the Jorgensens lost any right to patent they may have had by delay in applying for patent, and (4) that the complaint before it was amended failed to state facts necessary to confer jurisdiction, and that the amendments erroneously permitted to be made after the six month period fixed by the statute for commencement of the action did not cure the defect or confer jurisdiction.

In a reply brief for appellants a further argument is here presented to the effect that the device relied upon by the Jorgensens and claimed by them to have been reduced to practice prior to the date of Ericson's application as found by the court was in fact merely an indefinite and unstated combination of insufficiently described elements and did not embody the subject matter of the count in interference. But it appears from the record that the issue thus sought to be raised was not presented to, tried or decided by the trial court. As hereinafter stated, we hold that the bill in equity as amended presented a case within the jurisdiction of the court brought under Section 4915 to obtain authorization for patent upon review and avoidance of the decision of the Board of Interference Examiners which determined that the Jorgensens had not reduced their identified device to practice prior to Ericson's application date. The case in the Patent Office arising out of Jorgensens' and Ericson's patent applications had gone in due course of Patent Office proceedings to the Board of Interference Examiners from decisions and

rulings of the primary examiner by which the questions of invention, embodiment thereof in claims and the common subject matter of the claims were established for the purpose of the interference. Although the opinions of the Board do not expressly so declare, it is evident from their context that the Board accepted the rulings that preceded the interference and tried out and decided the question of priority. They show in reference to one element of "Jorgensen et al." (a so-called "kicker") that Ericson "moved during the motion period" "to dissolve the interference on the ground that Jorgensen et al. (1) did not disclose the subject matter of the count" but the Board agreed with the position of the primary examiner on that matter and it records no other objection raised by Ericson to any failure of "Jorgensen et al." to embody the subject matter of the count in interference. The "kicker" was not disclosed in the device exhibited and relied on in the civil action.

■ In that action the plaintiffs' evidence went to show that the Board decided erroneously and defendants sought to sustain its decision in their favor but neither party at any stage of the trial questioned the validity of the action of the patent office declaring the interference. Although the findings prepared by counsel to reflect the court's opinion included a finding that Jorgensens' "choke controlling mechanism embodies the subject matter of Count one" of the interference, the appellants have not assigned that finding as error in their appeal.

We think the trial court properly recognized the validity of the interference for the purposes of the suit in the absence of issues in respect to it and limited its decision to the issue of priority litigated before it.

■ We need not and do not hold that in an action brought under Section 4915 the court may never inquire into and determine that neither party is entitled to a patent for want of invention or for want of valid or appropriate claim. Morgan v. Daniels, 153 U.S. 120, 14 S.Ct. 772, 38 L.Ed. 657 establishes the contrary. But in this case the proceedings in the Patent Office after the application for patent was filed, which led up to and established the existence of interference cognizable by the Board of Interference Examiners, are not before the court. Although the device relied on is a little gadget that was manufactured in quantity for about fifty cents, the questions as to invention and embodiment thereof in claims are not frivolous. They arise in the very active and crowded art of carburetors and valve controls related to carburetors and in the absence of issues properly defined and litigated in respect to them and understanding of the considerations that have governed the action of the Patent Office, the court may not disregard that action. As settled by the Supreme Court in Hoover Co. v. Coe, 325 U.S. 79, 65 S.Ct. 955, 89 L.Ed. 1488, the action under Section 4915 may be maintained to correct any erroneous adverse rulings in the Patent Office which if unreversed would end the proceedings in the Patent Office and result in denial of patent to an applicant. In that case the alleged erroneous decision was that the claims did not accurately describe the disclosure in the application; here it was that priority had been erroneously awarded.

Our review is accordingly limited to the matters litigated and decided in the trial court.

### Opinion.

■ (1) As to the sufficiency of the evidence. We think the evidence that the Jorgensens made their automatic choke device and attached it to their Studebaker car with Stromberg carburetor and tested it out and found that it worked satisfactorily through the winter of 1929 and 1930 fulfills the requirement set forth in the opinion of this court in Larson v. Crowther, 26 F.2d 780, 785, and "carries thorough conviction" that they conceived their device and reduced it to practice at that time and prior to the application date of Ericson on November 6, 1931. We have carefully considered the particulars of testimony pointed out by appellants and relied upon to sustain their contention to the contrary. It is true that Jorgensen made an entry in his personal records immediately after taking the

device off of the Studebaker car and laying it aside in August 1930, which included statements which might be taken to indicate that he then thought the device would not work in starting a car and that other elements than those employed would be necessary. Also that on the same date the Jorgensens had signed and caused to be notarized a drawing showing a manually operated element connected with the linkage of their device to adjust it to control the choke valve. It also appears that the physically exhibited and relied on device includes two elements not within the claimed invention, namely, a dash-pot and a solenoid, and oral testimony was relied on to show that those elements had been disconnected at relevant times and not used. There was also an invoice said to indicate that Jorgensens received the Stromberg carburetor to which they attached their device at a much later date than they claimed.

But consideration of all contentions made for appellants on the evidence has not persuaded that any facts or circumstances were shown sufficient to raise substantial doubts of the truth of the proof presented that Jorgensens did conceive and made the device they brought into court; that they attached it to a Stromberg carburetor on a Studebaker car sometime before Christmas 1929, and ran the car with it through the winter of 1929–1930. That during that time they demonstrated the device and its operation to witnesses who were especially qualified to and did understand and appraise it and that it worked successfully. We find none of the so called documentary evidence relied on by defendants to be unequivocal or demonstrative that the Jorgensens thought their device would not work or that they abandoned it. We need not ignore that automatic chokes remain without universal adoption in 1949, twenty years after Jorgensens produced theirs. An absolute of perfection is not involved. The evidence justified the certain conviction arrived at by the trial court that the Jorgensens conceived and reduced their device to practice long prior to Ericson.

■■ (2 & 3) The points made for appellants that all the evidence taken before the Board was not brought before the court and that the court heard evidence not submitted to the Board and that the Jorgensens lost their right to a patent through their delay in applying for it, appear to be without merit. The provisions of the statute as to the testimony to be received and considered on the trial of an action under Section 4915 are not ambiguous and in our earlier case of Larson v. Crowther, supra, the decision adverse to that of the Patent Office was arrived at largely because of the testimony brought before the court not previously presented to the Board. The Jorgensens did not delay unduly in applying for patent. Soon after reducing their invention to practice they contracted to have patent applied for and for manufacture and commercial exploitation and upon failure of the other contracting party to proceed they took other steps to the same end and actually applied well within two years. In the years 1934 and 1935 some three or four hundred thousand units of their device, substantially like the original, were turned out.

■ (4) As to the jurisdiction: It appears that in drawing the bill in equity herein a mistake was made in describing the statute, Section 4915 under which it was brought, in that the pleading failed to include reference to the amendment to that section of 1939 or the allegation contemplated by that amendment that the plaintiffs were "dissatisfied with the decision of the Board of Interference Examiners." The bill set out that the Board had tried out the interference and that it had decided priority in favor of Ericson and against the plaintiffs, whereas the plaintiffs were in truth the first and prior inventors entitled to priority over Ericson. It alleged that the Commissioner of Patents had refused them a patent and prayed that he be authorized to issue one.

We think it was clearly to be inferred from the allegations of the bill as it was filed that the complaint or dissatisfaction of the plaintiffs was on account of the decision of the Board awarding priority of invention to another when in truth the plaintiffs were entitled, and so considered it stated a case under the amended statute

within the jurisdiction. The ruling of the court permitting amendment to make that meaning certain was not erroneous.

On the whole record we find no error to justify reversal and accordingly affirm the judgment.

Affirmed.