Robert C. WATSON, Commissioner of
Patents, Appellant,

v.

Chester H. BRUNS, Appellee.

No. 13403.

United States Court of Appeals
District of Columbia Circuit.

Argued Oct. 24, 1956.

Decided Nov. 29, 1956.

Bastian, Circuit Judge, dissented.

Mr. H. S. Miller, Atty., United States
Patent Office, with whom Mr. Clarence
W. Moore, Sol., United States Patent
Office, was on the brief, for appellant.

Mr. Miles D. Pillars, Washington, D.
C., for appellee.

Before BAZELON, DANAHER and
BASTIAN, Circuit Judges.

DANAHER, Circuit Judge.

Bruns filed an application for a pa-
tent, and after various rejections and
amendments, the primary examiner al-
lowed Claims 16 and 17. He rejected
Claim 18, and from that disallowance
Bruns appealed to the Board of Appeals.
The Board not only affirmed the rejec-
tion of Claim 18, but in addition, rejected
Claims 16 and 17. After Bruns had ex-
hausted his remedies in the Patent Of-
fice, he filed this action, authorized by 35
U.S.C. § 145.[1] The Commissioner has
appealed from so much of the District
Court's order as provides that "Claims
16 and 17 stand allowed * * * since
the Board of Appeals exceeded its legal

1. Act of July 19, 1952, 66 Stat. 803.

authority in passing on the patentability of these claims." Claim 18 was withdrawn at the trial. The Commissioner tells us that the sole question in this case is whether or not Patent Office Rule 196(b)[2] authorized the Board of Appeals to review and disallow Claims 16 and 17.

That the Commissioner, under the direction of the Secretary of Commerce, is responsible for the granting and issuance of patents is clear. Moreover, "He may, subject to the approval of the Secretary of Commerce, establish regulations, not inconsistent with law, for the conduct of the proceedings in the Patent Office."[3] Congress has expressly provided for the creation in the Patent Office of a "Board of Appeals, which, *on written appeal of the applicant,* shall review *adverse* decisions of examiners upon applications for patents."[4] (Emphasis supplied.)

Rule 191 provides for an appeal by the applicant from the decision of a primary examiner. Any such appeal must be filed by the applicant or his proper representative and "must identify the rejected claim or claims appealed."[5] In answer to appellant's brief, the primary examiner may furnish a written statement including an explanation of the grounds of rejection.[6] In the instant case, the applicant's brief in support of patentability argued only the appealed Claim 18. The examiner's answer noted that "Claims 16 and 17 are allowable."

After the Board of Appeals had affirmed the examiner's rejection of Claim 18 and, in addition, had rejected Claims 16 and 17 on grounds of reference which had already been placed of record and considered by the primary examiner, Bruns filed before the Board of Appeals his petition for reconsideration. He at-

tacked the Board's rejection of Claims 16 and 17 as improper because "the powers of the Board are expressly limited by statute to reviewing only adverse decisions of the Primary Examiners upon applications for patents and do not include the right to pass on favorable decisions by the Examiners * * *."

The Board, confronted with that contention wrote:

" * * * [I]t is quite true that Section 7 of the Patent Laws does not vest us with the power to review favorable decisions of the Examiner. However, in rejecting these claims, we did not act under this Section of the Patent Laws but under the provisions of Rule 196(b), Rules of Practice, as we clearly indicated in our decision. This Rule is based on the powers of the Commissioner, subject to approval of the Secretary of Commerce, to establish regulations not inconsistent with law. 35 U.S.C. Sect. 6.

"We are unable to agree with the appellant that 'any claim' in this rule must be interpreted 'as covering only any claim on appeal as contradistinguished from any claim in the application on appeal.' "

Thus, despite the statute, and placing its reliance upon the Rule, the Board flatly insists that it may review and reject allowed claims, not the subject of appeal.[7] Our first question involves determination of whether or not the Board's interpretation of the pertinent provision of Rule 196(b)[8] is inconsistent with the statute upon which the Board's existence and authority depend.

■ To us it is clear that the statute called the Board of Appeals into being

---

2. Rules of Practice (September 1955).

3. 35 U.S.C. § 6 (1952).

4. Id. § 7.

5. Rule 191(b).

6. Rule 193(a).

7. We asked appellant's counsel: "Suppose appellee had not asked the Board of Ap-

peals to review disallowed Claim 18—do you say the Board could nonetheless, reopen, review and set aside the examiner's allowance of Claims 16 and 17?" Counsel replied: "In that situation we would not have been here."

8. In pertinent part, Rule 196 reads:

"(a) The Board of Appeals, in its decision, may affirm or reverse the deci-

for the sole purpose of passing upon *adverse* action by the primary examiner. When an appealed claim invokes the Board's jurisdiction, Rule 196 contemplates that the Board may affirm or reverse the decision of the primary examiner on the grounds *"and on the claims specified* by the examiner. The affirmance of the *rejection of a claim* * * * constitutes a general affirmance * * * *on that claim."* By the same token, if the examiner shall not have specified available additional grounds, not involved in the appeal, upon which rejection of that claim might have been based, the Board may include such additional or different grounds in its decision.[9] Even then, the applicant may amend the appealed claim so rejected and seek reconsideration by the primary examiner. The appeal process, in the manner set out in the Rule, may again be pursued. But, just as the decision in the first instance is that of the primary examiner, so after Board action, it again is his, subject, of course, to the ultimate responsibility vested in the Commissioner.

The Commissioner's duty, imposed by statute,[10] has not here been questioned. No one says that he might not validly have prescribed as a rule of practice, generally applicable, that a favorable decision by a primary examiner may be reviewed, in the Commissioner's behalf, by some officer or by some board to which has been delegated the duty of making such review. We are not shown that any such general rule of review of favorable decisions of the examiner has been promulgated.

■ On the contrary, the appellant concedes that unless it is to be found within the language employed in Rule 196(b), the duty to review favorable decisions has not been delegated to the Board. We have carefully considered the Rule in its relation to the statute, supra note 4, and to us it seems clear that the Board lacks the claimed authority. Any other interpretation runs counter to the Board's expressly limited power to review adverse decisions of the examiner. To the extent that the Rule, or the Board's interpretation of it, is inconsistent with the statute, it must fall.[11] The trial judge has so held, and with his findings and conclusions we are in accord.

There remains the question of appropriate disposition of the case in its present posture. The proceedings before the Patent Office and its Board of Appeals were ex parte. The prior art had been cited and had been considered by the primary examiner. Claim 18 alone had been rejected, "and only then in case of refusal to allow the claims by the prim-

sion of the primary examiner in whole or in part on the grounds and on the claims specified by the examiner. The affirmance of the rejection of a claim on any of the grounds specified constitutes a general affirmance of the decision of the primary examiner on that claim, except as to any ground specifically reversed.

"(b) Should the Board of Appeals have knowledge of any grounds not involved in the appeal for rejecting any claim, it may include in its decision a statement to that effect with its reasons for so holding, which statement shall constitute a rejection of the claims."

9. Cf. In re Drawbaugh, 1896, 9 App.D.C. 219, 257.

10. 35 U.S.C. § 131 (1952).

11. Commerce Department Order No. 89, dated and effective March 2, 1956, prescribes the organization and functions of the Patent Office. In Section 5, referring to the Board of Appeals we read:
".01 The Board of Appeals is responsible for conducting hearings and rendering decisions on appeals from adverse decisions of examiners as to the patentability of inventions claimed in patent applications."
It may further be noted that Commissioner Kingsland on September 2, 1948, certified to the United States Civil Service Commission a "position description" for the post of primary patent examiner, GS–14, "He is the final judge that a patent may issue, and no appeal can be taken nor review had in the Patent Office from this decision * * *." Appellee's brief.

ary examiner is there a case for ex parte appeal to the Board of Appeals."[12] The proceedings before the Board were not procedural, nor were they interlocutory. The Board undertook to reopen, review and reject claims previously allowed by the primary examiner. Under the application of Rule 196 as contended for by the appellant, the decision of the Board, rejecting all claims, would have bound the examiner. Thus, the Board would have effectuated a final decision in the case. The independent proceeding under 35 U.S.C. § 145 is a part of the process for obtaining a patent.

"Section 4915 [35 U.S.C. § 145] declares that the judgment of the court, if in favor of the right of the applicant, is to be a judgment that the applicant 'is entitled, according to law, to receive a patent for his invention, as specified in his claim, or for any part thereof, as the facts in the case may appear;' and that, if the adjudication be in favor of the right of the applicant, it shall authorize the commissioner to issue the patent, on the filing in the patent-office by the applicant of a copy of the adjudication, and on his 'otherwise complying with the requirements of law.' "[13]

Since the Board had finally denied a patent, "Unless the applicant could sue to correct error in that dismissal, he could never sue under R.S. § 4915 [35 U.S.C. § 145]. That he was accorded a right of suit in this case the language of the statute, its history, the administrative construction and judicial decision unite in affirming."[14]

Supported by his findings and conclusions of law, the trial judge has decided that Claims 16 and 17 "stand allowed."

The trier has done no more than accord to the Rules the fair meaning to which they are entitled. "The examiner's action will be complete as to all matters * * *."[15] "If the invention is not considered patentable, or not considered patentable as claimed, the claims, *or those considered unpatentable* will be rejected."[16] (Emphasis supplied.) The trial judge took note of the Patent Office action following decision by the Board, which by its rejection of all three claims, had, in effect, dismissed the proceedings. In such cases, "[w]hen the appeal is or stands dismissed * * * proceedings in the application are considered terminated as of the dismissal or expiration date *except in those applications in which claims stand allowed* * * *. If * * * a civil action has been filed, proceedings in the application are similarly considered terminated when the * * * civil action is terminated."[17] (Emphasis supplied.)

Thus, since Claim 18 has been eliminated and the Board has been found erroneously to have assumed jurisdiction over Claims 16 and 17, it follows, in the language of the Rule, that Claims 16 and 17 "stand allowed." The adjudication is simply in favor of the appellee's right on the record thus made, so that if the Commissioner is satisfied, following whatever further proceedings may be necessary in the Patent Office, that the "applicant is entitled to receive a patent for his invention"[18] the Commissioner is authorized to issue the patent.[19]

This is not to say that the judgment of the court here operates to command the action of the Commissioner, indeed, neither this court nor the District Court has passed on the patentability of Bruns' claimed invention. That there may be

12. American Cable Co. v. John A. Roebling's Sons Co., 1933, 62 App.D.C. 168, 170, 65 F.2d 801, 803.

13. Gandy v. Marble, 1887, 122 U.S. 432, 439, 7 S.Ct. 1290, 1292, 30 L.Ed. 1223.

14. Hoover Co. v. Coe, 1945, 325 U.S. 79, 90, 65 S.Ct. 955, 960, 89 L.Ed. 1488; cf. Butterworth v. Hoe, 1884, 112 U.S. 50, 61-62, 68, 5 S.Ct. 25, 28 L.Ed. 656.

15. Rule 105.

16. Rule 106.

17. Rule 197.

18. 35 U.S.C. § 145 (1952); cf. Hoover Co. v. Coe, supra note 14.

19. Hoover Co. v. Coe, supra, 325 U.S. at page 88, 65 S.Ct. at page 959.

circumstances not known to us which will govern the Commissioner's final decision may be assumed.[20] The Commissioner will know, as must the appellee, that the statute contemplates compliance with the requirements of law in any event.

Since we do not understand the District Court has intended to say more than we have said, its judgment is

Affirmed.

BASTIAN, Circuit Judge, dissents.

20. Cf. Id. 325 U.S. at page 89, 65 S.Ct. at page 959.