# CARLIN *v.* GOLDBERG.

---

PATENTS; INTERFERENCE; APPEAL AND ERROR; MOTION TO DISSOLVE; JURISDICTION.

1. The right of appeal from decisions of the Commissioner of Patents to this court and the procedure by which such appeals may be perfected are purely statutory, and must be strictly followed.

2. The jurisdiction of this court to entertain appeals from the Commissioner of Patents is limited to two classes of decisions; namely, a final rejection of an application for a patent, and the final award of priority to one of the parties in an interference case. (Citing *Re Fullagar*, 32 App. D. C. 222, and *Cosper* v. *Gold*, 34 App. D. C. 194.)

3. If in an interference a motion to dissolve is denied by the Commissioner of Patents, the soundness of his ruling is a question ancillary to the final judgment of priority, and may be considered on an appeal from the final award of priority (citing *Podlesak* v. *McInnerney*, 26 App. D. C. 399), but if the motion is sustained, the interference is ended and no cause of action survives or exists upon which an award of priority can be based.

4. After an interference has been declared, the Commissioner has the right, on a motion to dissolve, to terminate it, and no appeal lies from his decision in so doing.

5. Where in an interference, before any trial, the Commissioner grants a motion to dissolve the interference on the ground of the inoperativeness of the device disclosed by one of the parties, but on the motion of that party, and in order to permit an appeal, changes his order into one awarding priority to the other party, an appeal from such order will be dismissed for want of jurisdiction in the Commissioner to make it. (Distinguishing *Cosper* v. *Gold, supra,* and *Cosper* v. *Gold,* 36 App. D. C. 302.)

No. 1035. Patent Appeals. Submitted November 13, 1916. Decided January 2, 1917.

HEARING on an appeal from a decision of the Commissioner of Patents in an interference proceeding.

*Appeal dismissed.*

The COURT in the opinion stated the facts as follows:

This appeal is from the decision of the Commissioner of Patents in an interference proceeding wherein priority of invention was awarded to appellee, Hyman Eli Goldberg.

The application of appellant, Samuel Edward Carlin, was filed December 12, 1904, and that of Goldberg was filed May 28, 1904. Goldberg, being the first to file, is the senior party.

When the interference was declared Goldberg, under rule 122 of the Rules of Practice of the Patent Office, moved to dissolve the interference on the ground, "first, that the party Carlin has no right to make the claims as his application does not disclose the subject-matter thereof; second, that the disclosure which Carlin does make is incomplete and inoperative, and that the inoperativeness goes to a fundamental and essential portion of the machine." The Primary Examiner, denying the motion, held "that what Carlin lacks could be supplied from the prior art without invention, and that his disclosure is sufficient under the statute." Whereupon Goldberg petitioned the Commissioner of Patents to instruct the Primary Examiner to require Car-

lin "to file in his case an amendment to his drawings and descriptions showing and illustrating the application, if he can, of the 'carrying mechanism' to the construction and arrangement of apparatus disclosed in his drawing at the present time." The petition was granted, and Carlin was required to so amend his application. Carlin amended, and was met with another motion to dissolve on the ground of inoperativeness. Before hearing on the motion Carlin further amended his application. On hearing, the Primary Examiner granted the motion, holding that "Carlin has clearly not shown that there is anything obvious in providing carrying mechanism suitable for his purpose from the prior art, but, on the other hand, has shown devices which, by his own models, are inoperative."

Carlin then petitioned for a rehearing, at the same time further amending his application. Again he was met with a motion to dissolve. By order of the Commissioner, the case was heard by the Law Examiner and the Primary Examiner sitting together. Each rendered independent decisions sustaining the motion and holding Carlin's structure inoperative. These decisions were affirmed on appeal by the Board of Examiners in Chief, which, in turn, was affirmed by the Commissioner of Patents.

The case having proceeded thus far on the motion to dissolve, and the decision of the Commissioner being confined exclusively to that question, Carlin petitioned the Commissioner to change his decision to an award of priority. The petition was granted, and Goldberg was awarded priority. From this decision the present appeal was prosecuted.

*Mr. Burnham C. Stickney, Mr. Hartwell McCarteney, Mr. William L. Morris* and *Mr. Edward Thomas* for the appellant.

*Mr. L. S. Bacon, Mr. J. H. Milans* and *Mr. Arthur F. Poole* for the appellee.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

At the outset, we are confronted with a question of jurisdic-

tion. The order of the Commissioner appealed from is as follows: "The party Carlin has petitioned that the decision of October 28, 1915, be modified by entering an award of priority. That decision was rendered on appeal by Carlin from a decision of the Examiners in Chief affirming the decision of the Primary Examiner and the Law Examiner granting certain motions to dissolve filed by Goldberg. These motions to dissolve were based on the ground that the Carlin application, as filed, did not disclose any carrying mechanism, and that it was not obvious how the device could be modified from the prior art, and that therefore the application did not disclose an operative device. As this is a holding that Carlin has no right to make the claims, it is deemed, under the rulings of the court of appeals of the District of Columbia, to be in effect a decision on priority, and that, following the ruling in *Cosper* v. *Gold,* 34 App. D. C. 194, and 36 App. D. C. 302, an award of priority may properly be entered thereon. The following order is made: For the reasons fully stated in the decision of October 28, 1915, it is held that the junior party, Samuel E. Carlin, has no right to make the claims in issue, and priority is awarded to the senior party, Hyman E. Goldberg."

This order is not based upon the appeal which reached the Commissioner. The sole question involved in the appeal and within the jurisdiction of the Commissioner to decide was the question of whether or not Carlin disclosed an operative device. The Commissioner has no jurisdiction to convert an appeal on a motion to dissolve for inoperativeness into an appeal upon the issue of priority.

The difficulty with the present case is that no basis existed for an award of priority. In Cosper v. Gold, cited by the Commissioner, the appeal before the Commissioner was on the right of Cosper, the senior party of record, to make the claims in issue, but the interference had been tried and the case was ripe for an award of priority. Indeed, the case was in that condition where the issue of priority turned solely upon the right of Cosper to make the claims. Cosper was the senior party, both by the filing date and from the proofs; hence, if en-

titled to make the claims, his right to an award of priority was fully established. In other words, the parties had had their day in court in the interference proceeding. But here the interference has never been tried. Indeed, the question of priority of invention has not been raised in any of the tribunals of the Patent Office or here, except in the petition on which the Commissioner changed his order.

Let us consider for a moment where this appeal, if we were to take jurisdiction, would logically lead. If we should reverse the Commissioner on the question of priority, the only decision from which an appeal will lie to this court in an interference proceeding, it would operate as a grant of priority to Carlin, the junior party, without giving Goldberg, the senior party, his day in court on that issue. The order appealed from was not made at Goldberg's instance, but at the instance of Carlin, to enable him to prosecute this appeal, which, if successful, would effectually cut the senior party out of any hearing in so far as producing proofs to establish his right to priority.

The right of appeal from the decisions of the Commissioner of Patents to this court and the procedure by which such appeals may be perfected are purely statutory, and must be strictly followed. Short-cut methods in the Patent Office for the purpose of avoiding prolonged litigation and facilitating a final appeal contrary to express statutory procedure are not within the discretionary power of the Commissioner, and, if indulged, would lead to injustice and endless confusion. "We have had occasion heretofore to call attention to the fact that the jurisdiction of this court to entertain appeals from the Commissioner of Patents is limited to two classes of decisions, namely, a final rejection of an application for a patent, and a final award of priority to one of the parties in an interference case. *Re Fullaqar,* 32 App. D. C. 222–228." *Cosper* v. *Gold,* 34 App. D. C. 194.

A motion to dissolve is interlocutory, and appeal will not lie to this court from an order thereon. The question of priority cannot be determined in proceedings purely upon the motion, for the elementary reason that, if the motion is denied, the

soundness of the ruling is a question ancillary to the final judgment of priority, and may be considered on an appeal from the final order of priority (*Podlesak* v. *McInnerney,* 26 App. D. C. 399) ; while, if the motion be sustained, it ends the interference and no cause of action survives or exists upon which an order of priority can be based. The statute reposes in the Commissioner of Patents, without right of appeal, the authority of declaring an interference, and if, upon motion to dissolve, it subsequently becomes apparent that such an interference should not have been declared, there is no reason why the interference should not be terminated by the same authority that granted it, without right of appeal from his decision.

For the reasons stated, the appeal is dismissed, and the clerk is directed to certify these proceedings as by law required.

*Dismissed.*

Mr. Justice SIMMONS, of the Supreme Court of the District of Columbia, sat with the Court in the hearing and determination of this appeal in the place of Mr. Chief Justice SHEPARD.