# IN RE CREVELING.

---

PATENTS; FORMER ADJUDICATION; CLAIMS; ESTOPPEL.

1. Where an interference was dissolved on the ground that the invention was not disclosed in the application of one of the parties, nor in an earlier application filed by him, and an appeal by such party to this court was dismissed because there had been no final award of priority, and he thereupon abandoned his right to further prosecute the interference, and attempted instead to prosecute such earlier application, it was *held* that he was estopped by the decision in the interference. (Citing *United States ex rel. Newcomb Motor Co. v. Moore*, 30 App. D. C. 464; *Re Fullagar*, 32 App. D. C. 222; *Moore* v. *Heany*, 34 App. D. C. 31; *Cosper* v. *Gold*, 34 App. D. C. 194; *Re Selden*, 36 App. D. C. 428; *Sutton* v. *Wentworth*, 41 App. D. C. 582; and *Creveling* v. *Jepson*, 44 App. D. C. 445.)

2. Where the claims of an application as originally filed covered a system of which a rheostat was an element, the applicant will not be allowed other claims, claiming the element *per se*.

No. 1102. Patent Appeals. Submitted May 15, 1917. Decided June 5, 1917.

HEARING on an appeal from a decision of the Commissioner of Patents rejecting certain claims of an application for a patent. *Affirmed.*

The facts are stated in the opinion.

*Mr. Charles McC. Chapman* for the appellant.

*Mr. T. A. Hostetler* and *Mr. W. R. Ballard* for the Commissioner of Patents.

Mr. Justice Robb delivered the opinion of the Court:

This appeal by John L. Creveling is from a decision of the Commissioner of Patents rejecting claims Nos. 7 to 16, inclusive, of appellant's application for patent. We reproduce claims Nos. 7, 13, and 16, as sufficiently illustrative:

"7. In an arrangement of the class described, a carbon pile, a lever operating upon one end of said pile extending toward the other end of the pile, and a second lever operating on the second-mentioned end of said pile and extending toward the first-mentioned end of said pile."

"13. In an arrangement of the class described, a carbon pile, a lever having an arm operating upon one end of the pile and another arm extending toward the other end of the pile, a second lever having an arm operating upon said second-mentioned end of the pile and another arm extending toward the first-mentioned end of the pile, an electromagnetic device, and means cooperating with the said levers and electromagnetic device for actuating said levers."

"16. In an arrangement of the class described, a carbon pile, a lever arranged to operate upon one end of the pile, a second lever arranged to operate upon the opposite end of the pile, an electromagnetic device connected to one of the levers for operating the latter, an electromagnetic device and connections between the latter and the other lever whereby the latter may be actuated, the combination being such as to vary the action of the two levers upon the carbon pile."

Each of the three tribunals of the Patent Office, including the Commissioner in person, rejected claims Nos. 7 to 13, inclusive, on the ground that they cover substantially the same subject-matter of invention as was involved in interference No. 36,115, and each tribunal required all the claims here involved to be erased from this case because they are limited to the details of a carbon pile rheostat, whereas claims Nos. 1 to 6 are limited to a system of which the rheostat is an element, the Office holding that, by electing to claim a system of which the carbon rheostat

is an element, appellant is estopped from now claiming the element *per se*.

The first ground of rejection clearly was correct. Interference No. 36,115, *Creveling* v. *Jepson,* 44 App. D. C. 445, involved an application filed by Creveling September 22, 1911. Prior to the interference a patent to Sherbondy, No. 989,305, was cited against the Creveling application, and to overcome that patent Creveling directed attention to two previous applications filed by him, the earlier of which is the one here involved. Thereupon the interference, with a count identical in language with claim No. 7, here appealed, was declared. Upon motion by Jepson the interference was dissolved on the ground that the subject-matter was not disclosed in the Creveling application at bar, nor in the other Creveling application referred to. An appeal was taken to this court, which was dismissed on the authority of *Re Fullagar,* 32 App. D. C. 222, and *Cosper* v. *Gold,* 34 App. D. C. 194. In those cases it was ruled that an order dissolving an interference may not be appealed from independently of a final decision putting an end to the litigation; that when that decision has been made, the interlocutory order may be reviewed under an appeal from that decision.

When Creveling's appeal was dismissed, he abandoned it, and thereafter, in the present *ex parte* case, attempted to raise the same question that had been raised and determined in the interference proceeding. That, we have held, may not be done. *United States ex rel. Newcomb Motor Co.* v. *Moore,* 30 App. D. C. 464; *Sutton* v. *Wentworth,* 41 App. D. C. 582. In the *Newcomb Motor Co. Case* we said: "The remedy of the defeated party is by way of appeal. He has no right whatever thereafter to prosecute the claims of the issue in an *ex parte* case." The remedy of appellant, therefore, was to await a final decision in the interference proceeding, whatever might be the form of that decision (*Moore* v. *Heany,* 34 App. D. C. 31; *Re Selden,* 36 App. D. C. 428), and appeal therefrom to this court.

We have carefully read appellant's criticism of the decision of the Patent Office on the second ground of rejection; but we find no error in that decision. As originally filed, appellant

claimed a system of which the rheostat is an element. We agree with the Patent Office that he now is estopped from claiming an element *per se* which has attained a distinct status in the art, as he has this one.                                *Affirmed.*

The decision is affirmed.

Mr. Justice STAFFORD, of the Supreme Court of the District of Columbia, sat with the Court in the hearing and determination of this appeal in the place of Mr. Chief SHEPARD.