25 C.C.P.A. (Patents)

### TENNEY v. NORDMEYER et al.
### Patent Appeal No. 3877.

Court of Customs and Patent Appeals.
Feb. 7, 1938.

Martin T. Fisher, of Washington, D. C., and Forbes Silsby, of New York City (Benjamin Sweedler, of New York City, of counsel), for appellant.

Russell N. Low, of Washington, D. C. (Henry Love Clarke and Thomas J. P. O'Brien, both of Baltimore, Md., of counsel), for appellees.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the decision of the Primary Examiner dissolving the interference on the ground that appellant, Tenney, was not entitled to make the claim constituting the single count in issue.

The invention relates to a process for making water gas.

The count in issue was taken from appellees' patent No. 1,947,792, issued February 20, 1934, on an application, serial No. 537,968, filed May 16, 1931. It reads: "The process of manufacturing water gas which consists in alternately introducing an air blast and a steam run into the fuel bed of a gas generator, and admitting heavy oil into the top of the generator simultaneously with the steam run to enrich the resulting gas, said air blast being introduced in a reverse direction into the generator and downwardly through at least the upper portion of the fuel bed to consume carbonaceous deposits resulting from the admission of said heavy oil, and withdrawing the air blast from the generator at a point below the top of the fuel bed."

Appellant's application, serial No. 640,-593, was filed November 1, 1932, as a division of his parent application No. 31,028, filed May 18, 1925.

The interference was declared January 22, 1935.

On May 6, 1935, the Examiner of Interferences gave notice to appellees that, as they were the junior party and had failed to file a preliminary statement, judgment on the record would be rendered against them, unless good and sufficient cause was shown why such judgment should not be rendered.

Thereafter, on August 6, 1935, counsel for appellees filed a motion to dissolve the interference on the ground that appellant had no right to make the claim constituting the count in the interference, and on the further ground that "the assertion of the count at this time is an attempt by him to enlarge the scope of his application." Counsel for appellees, apparently taking the position that appellant's involved application was not a true division of his parent application, contended that his alleged divisional application contained matter not covered by his parent application.

It is here contended by counsel for appellees that the raising of the issue of whether appellant's involved application is a true division of his parent application in the motion to dissolve is the equivalent of the filing of a motion to shift the burden of proof.

The Primary Examiner held that the claim constituting the count in issue did not read on appellant's disclosure; that ap-

pellant was not entitled to make the count; and, accordingly, sustained appellees' motion to dissolve the interference.

Appellant appealed to the Board of Appeals, claiming that the Primary Examiner erred in sustaining appellees' motion to dissolve.

The Board of Appeals affirmed the decision of the Primary Examiner "dissolving the interference" on the ground that appellant could not make the claim constituting the count in the interference, and, in its decision, stated, in substance, that it was presumed that appellant was relying on his parent application for reduction to practice, but that that question was one involving the shifting of the burden of proof and was not appealable to that tribunal.

From the Board's decision, appellant appealed to this court.

By a motion to dismiss the appeal, a jurisdictional question is presented. The court heard arguments on the motion at the time the cause was submitted on the merits.

Counsel for appellees contend that the decision of the Board of Appeals is interlocutory in character; that neither the Primary Examiner nor the Board of Appeals had authority to enter an award of priority of invention; that neither attempted to do so; and that as no award of priority was or could have been made by the Board of Appeals, and as this court's jurisdiction in cases of this character is limited to appeals from decisions of the Board of Appeals awarding priority of invention, it is without jurisdiction to consider the issues attempted to be raised by the appeal.

Counsel for appellant insist that, although neither of the tribunals of the Patent Office awarded priority of invention to appellees, they should have done so, and it is argued that, as this court will look to the substance rather than to the form of a judgment, the Board's decision in the instant case should be considered as though it awarded priority of invention to appellees. Counsel rely upon the case of Cosper v. Gold, 36 App.D.C. 302, and cite other authorities, which, it is claimed, support their contentions.

Rule 122 of the Rules of Practice in the United States Patent Office provides that motions to dissolve interferences on the ground that a party has no right to make the claims constituting the counts in issue, motions to shift the burden of proof, and all motions of a similar character, shall be heard and determined by the Primary Examiner. It also provides that no interlocutory appeal will be entertained from a decision of the Primary Examiner on a motion to shift the burden of proof.

Rule 124 provides that appeal lies to the Board of Appeals from a decision of the Primary Examiner dissolving an interference, and that it will be heard inter partes. No such appeal is permitted, however, in cases where the Primary Examiner overrules motions to dissolve.

■ We find nothing in the rules of practice in the Patent Office to warrant a holding that the Primary Examiner has jurisdiction, on a motion to dissolve an interference, to determine the question of priority of invention. That issue is determinable by the Examiner in Charge of Interferences, and, proper appeals being taken, by the Board of Appeals and this court.

■ In the instant case, the Primary Examiner had jurisdiction of the cause for the sole purpose of determining whether appellant was entitled to make the claim constituting the count in issue. The appeal to the Board of Appeals from the decision of the Primary Examiner dissolving the interference, as provided in rule 124, supra, did not confer jurisdiction upon the Board of Appeals of any issue other than that which, under the rules of the Patent Office, was, by the motion to dissolve, conferred upon the Primary Examiner. Accordingly, the issue of priority of invention was not before either of those tribunals, and the decision of each was, in form and substance, a dissolution of the interference.

The decision of the Board being interlocutory in character, the question of priority of invention not being involved, this court is without jurisdiction to entertain the appeal from that decision. In re Fullagar, 32 App.D.C. 222; Carlin v. Goldberg, 45 App. D.C. 540; Field v. Colman, 47 App.D.C. 189; Headley & Thompson v. Bridges, 48 F.2d 938, 18 C.C.P.A., Patents, 1331; American Cable Co., Inc., et al. v. John A. Roebling's Sons Co. et al., 62 App.D.C. 168, 65 F.2d 801.

In the Carlin Case, supra, the court stated that the sole issue involved in the appeal from the Commissioner of Patents was whether appellant Carlin disclosed an operative device, and held that the Commissioner had "no jurisdiction to convert an appeal on a motion to dissolve for inoperativeness in-

to an appeal upon the issue of priority." In distinguishing that case from the case of Cosper v. Gold, supra, the court stated that, in the latter case, the question of priority had been tried, and that the case was in such condition that the "issue of priority turned solely upon the right of Cosper to make the claims. Cosper was the senior party, both by the filing date and from the proofs; hence, if entitled to make the claims, his right to an award of priority was fully established." The court also called attention to the fact that it had frequently held that its jurisdiction in interference cases was limited to the issue of priority of invention, and questions ancillary thereto, such, for example, as the right of a party to make the claims constituting the counts in issue.

This court has so frequently held to the same effect that no authorities need be cited.

In the instant case, had the Primary Examiner held that appellant could make the claim constituting the count in issue and denied the motion to dissolve, the question of priority would have been determined by the Examiner of Interferences, and, on appeal, by the Board of Appeals. Before the Board of Appeals, and, on appeal, before this court, the question of the right of appellant to make the claim constituting the count in issue would then have been ancillary to the main question at issue, to wit, the question of priority.

However, the case did not take that course. The interference was dissolved by the properly constituted tribunals, and, as stated, in substance, by the court in the case of Carlin v. Goldberg, supra, no cause of action survived or existed upon which an award of priority could be based. We quote from the court's opinion in that case: "The statute reposes in the Commissioner of Patents, without right of appeal, the authority of declaring an interference, and if, upon motion to dissolve, it subsequently becomes apparent that such an interference should not have been declared, there is no reason why the interference should not be terminated by the same authority that granted it, without right of appeal from his decision."

Counsel for appellant argue that the decisions in the cases of United States ex rel. Newcomb Motor Co. v. Moore, 30 App.D.C. 464 and In re Creveling, 46 App.D.C. 536, support their proposition that it was the duty of the Board of Appeals in the instant case to award priority of invention so that the question of appellant's right to make the claim constituting the count in issue would be ancillary to the issue of priority, and that, therefore, this court should look to the substance of the Board's decision rather than to its form and hold that what should have been done was, in fact, done. We have previously disposed of that question. It is further argued that the decisions in the Newcomb Motor Co. and Creveling Cases, supra, indicate that, unless this court has jurisdiction of appellant's instant appeal, he is without remedy in the premises.

The question as to what procedure appellant should pursue in the Patent Office following the dismissal of the instant appeal is not directly involved in the determination of the issues presented by appellees' motion to dismiss.

It is true that there is language in both the Newcomb Motor Co. and Creveling Cases, supra, cited by counsel for appellant, which, without a full understanding of all the facts, might indicate that, after an interference is declared, it cannot be finally disposed of without an award of priority.

In the Newcomb Motor Co. Case it appears that the Primary Examiner dissolved the interference on a motion filed for that purpose, and that the parties Lemp and Thompson, against whom the decision was rendered, abandoned their appeal to the Examiners in Chief, and attempted to proceed ex parte to secure the allowance of the claims which, it had been held in the interference, they were not entitled to make. In its decision, the court stated that the provisions of the rules of practice in the Patent Office relating to ex parte applications did not apply to inter partes actions; that, when an appeal from the Primary Examiner to the Examiners in Chief had been abandoned, the decision of the Primary Examiner became final and binding upon the parties Lemp and Thompson; and that the issues determined by the Primary Examiner could not again be raised in an ex parte prosecution of the Lemp and Thompson application.

There may be language in that decision which, as argued by counsel for appellant, might be construed as indicating that, had the appeal not been abandoned, the court would have reached the same conclusion. However, we do not deem it proper to speculate as to what the court might have held had the facts been different.

In the case at bar appellant appealed from the decision of the Primary Examiner

to the Board of Appeals in accordance with rule 124, supra. He did not abandon any right conferred upon him by the rules of practice in the Patent Office.

In the decision in the case of In re Creveling, supra, decided June 5, 1917, it is stated that an interference, in which Creveling and a patentee, Jepson, were parties had been dissolved on a motion filed by Jepson, it being held that the party Creveling was not entitled to make the claims constituting the counts involved in the interference; that an appeal had been taken to the Court of Appeals of the District of Columbia from the decision dissolving the interference; that the appeal was dismissed by that court on the authority of In re Fullagar, supra, and Cosper v. Gold, 34 App.D.C. 194; that it was held in those cases that appeal did not lie to the Court of Appeals from an interlocutory decision dissolving an interference; and that the court had jurisdiction to determine the question of the right of a party to make claims constituting the counts in an interference only in the event an award of priority had been made by the tribunals of the Patent Office. The court further stated that, when Creveling's appeal was dismissed in the inter partes case, he took no further action therein, but proceeded to attempt to raise the question of his right to make the claims in an ex parte prosecution of his application. That, it was held, he had no right to do, the court stating that he should have remained in the inter partes case and there "await a final decision in the interference proceeding; whatever might be the form of that decision (Moore v. Heany, 34 App.D.C. 31; In re Selden, 36 App.D.C. 428), and appeal therefrom to this court."

It is evident from the decision in that case that, although the tribunals of the Patent Office had jurisdiction to enter an award of priority in the interference proceeding involving the parties Creveling and Jepson, they failed to do so. (In the case at bar, the Board of Appeals did not have jurisdiction of the issue of priority of invention.) However, the decision in that case clearly points out that the court was without jurisdiction to entertain an appeal from an interlocutory decision dissolving an interference.

In conclusion we think it not improper to say that, in our opinion, a proper appeal being taken, appellant is entitled, under the law, to have his right to make the claim constituting the count in issue decided by this court.

If as stated by the court in the Carlin Case, supra, the dissolution of an interference by an interlocutory decision by the final appellate tribunal in the Patent Office (in the instant case the Board of Appeals) ends the interference and no cause of action survives or exists upon which an award of priority could be based, it would seem to be clear that, if appellant desires a decision by this court on the question of his right to make the claim constituting the count in the interference, an appeal might be taken in an ex parte prosecution of his application for a patent. See In re Fullagar, supra, 32 App. D.C. 222, 231; In re Fullagar, 40 App.D.C. 510, 514; Gideon Sundback v. George W. Blair and Joseph E. Perrault, 47 F.2d 378, 18 C.C.P.A., Patents, 1016, 1019; American Cable Co., Inc., et al. v. John A. Roebling's Sons Co. et al., supra.

Subsequent to the filing of the record in this court, appellees filed a motion suggesting the diminution of the record by adding thereto a certain portion of the decision of the Primary Examiner, which had not been included in the transcript of record as originally filed, together with copies of certain patents that were cited in the ex parte prosecution of appellees' application, the patents to be used in construing the claim constituting the count in issue. The motion was granted, subject, however, to the order of the court that the costs for printing the additional material requested by appellees should be taxed on final decision.

We are of opinion that, had this court jurisdiction to determine the issues attempted to be raised by the appeal, the additional material so certified to the court would have been necessary for a proper determination of such issues. Accordingly, the costs of printing the same will be taxed against appellant.

For the reasons stated, the appeal is dismissed.

Dismissed.