ELLIS–FOSTER COMPANY and Montclair Research Corporation, Plaintiffs,

v.

UNION CARBIDE CORPORATION, Defendant.

Civ. A. No. 217–57.

United States District Court
D. New Jersey.

Dec. 30, 1959.

Steelman, Lafferty & Rowe, William Rowe, Newark, N. J., Sol Shappirio, Washington, D. C., of counsel, for plaintiffs.

Pitney, Hardin & Ward, William P. Reiss, Newark, N. J., James A. Fowler, Jr., New York City, of counsel, for defendant.

MEANEY, District Judge.

This is an action brought by Ellis-Foster Company and Montclair Research Corporation against Union Carbide Corporation asking this court to reverse and correct certain alleged errors on the part of the United States Patent Office.

Plaintiffs assert that this court has jurisdiction under 35 U.S.C.A. § 146:

"Any party to an interference dissatisfied with the decision of the board of patent interferences *on the question of priority*, may have remedy by civil action * * *" (Emphasis added.)

Plaintiffs and defendant, though not the original applicants or patentee, will hereinafter be referred to as such.

Two applications in this matter were filed in the Patent Office, each concerned with the reactions of silanes with olefins and one of them, the defendant's, including claims to reactions with alkynes as well as olefins. Plaintiffs' application No. 679,856 was filed on June 27, 1946, and the defendant's No. 702,084 was filed on October 9, 1946.

The defendant, Union Carbide Corporation, on March 17, 1953, was granted Pat. No. 2,632,013 which included Claim No. 2 reading as follows:

"A process for the production of organosilicon compounds which comprises reacting an alkyne with a silane of the group consisting of halogenosilanes and alkoxysilanes having at least one Si-H bond while heating the reactants at substan-

tially constant volume and at a temperature not substantially above 350° C."

This related to the alkyne reaction with a silane. The applications with reference to the Silane-olefin reactions had been disposed of in favor of two companies other than the parties to the present action after two earlier interferences.

On April 10, 1953, the plaintiffs amended their application to copy into it Claim No. 2 above cited. This was the first inclusion in that application of a claim concerning a reaction with alkynes. On May 18, 1953, the Primary Examiner in the Patent Office declared a new interference proceeding No. 86,436 with the alkyne claim as the count in interference.

Motion was made by the defendant to dissolve the interference proceeding on the ground of insufficient disclosure of the subject matter of Claim No. 2 in plaintiffs' application. The Primary Examiner denied this motion on August 26, 1954.

The matter was then referred to the Board of Patent Interferences which on Jan. 25, 1957, rendered its decision in favor of the defendant, finding that the Primary Examiner had erroneously instituted the interference since the plaintiffs' application did not sufficiently disclose the subject matter of the count. Previously there had been testimony on the part of the defendant to show priority of invention by way of experiments successfully completed in February, 1946, though the filing date of its application was October 9, 1946. The plaintiffs seem to have rested content with establishment of the filing date of its application, June 27, 1946.

The whole question now to be adjudged is what actually was the effect of the decision of the Board of Patent Interferences. Upon this depends the jurisdiction of this court. If it was a determination of priority, then the present action will lie. If effectively, in spite of some of the language used in its opinion, the Board dissolved the interference, then this court should not assume jurisdiction, since its jurisdiction is not controlled by the equities of the situation, but by the specific limitations adumbrated or outlined in the patent laws.

In its decision the Board of Patent Interferences said:

"The question of support for the count in the MSS (plaintiffs here) application was considered by the Primary Examiner and decided favorably to MSS. The Primary Examiner's decision will be considered on review to the extent that there is raised a question ancillary to priority, namely, whether or not the MSS application sufficiently teaches a disclosure upon which the count is readable * * *. It is held therefore that the MSS application does not support the count * * *. Under the circumstances W and S (defendant here) stand to prevail and it is not necessary to discuss the testimony * * *. Priority of invention of the subject matter in issue is hereby awarded to George H. Wagner and Corneille O. Strother, the junior party (defendant here)."

Despite the testimony as to priority given before it, the Board made no mention of any proofs of priority and held that the plaintiffs' application did not support the count in dispute and this is the real gist of their finding. The language of the last sentence quoted from its decision in nowise refers to an examination of evidence of priority, and is rendered inept since there could be no question of priority if the application did not warrant issuance of a patent. Had both applications been processed and approved, both of which would entitle applicants to a patent, then the question of priority would arise, and after a finding of priority, the unsuccessful party might then appeal to this court, which under 35 U.S.C.A. § 146 would have jurisdiction.

But in the instant case the contest is in reality not between two applicants, but between the applicant whose application has been found to be defec-

tive and the Patent Office, proper method of review in such case being by ex parte appeal through the tribunals of the Patent Office and then to the Court of Customs & Patent Appeals, or the United States District Court for the District of Columbia.

■ Had the Board of Patent Interferences limited its finding to dissolution of the interference as it might have done, there could have been no appeal to this court and the plaintiffs would have been left without equivocation to the remedies above referred to. It is unfortunate that its findings were so inclusive that plaintiffs were uncertain as to the relief available.

Under the circumstances the motion of defendant to dismiss will be granted.

Let an order be submitted.