**RADIO CORPORATION OF AMERICA, Plaintiff,**

v.

**PHILCO CORPORATION, Defendant.**

**Civ. A. No. 25408.**

United States District Court
E. D. Pennsylvania.

Oct. 17, 1960.

Schnader, Harrison, Segal & Lewis, by Edward W. Mullinix, Philadelphia, Pa., Stephen H. Philbin and John Farley, New York City, and A. Russinoff, Princeton, N. J., for plaintiff.

Thomas M. Ferrill, Jr., and Allen V. Hazeltine, Philadelphia, Pa., for defendant.

LEAHY, Senior District Judge.

An interference was declared in the Patent Office between George C. Sziklai, a senior party, on his Serial No. 169,594, and assigned to Radio Corporation of America; and Robert C. Moore, as junior party, on his Serial No. 265,981, and assigned to Philco Corporation. Plaintiff RCA[1] appeals from the determination of the Board of Patent Interferences which held Philco's[2] "apparatus for generating a composite television signal suitable for space transmission and conforming to the standards for color television transmissions in the United States"[3] entitled Philco to an award of priority over the application of RCA for the reason RCA's application "does not support the count in issue."[4] The Board concluded, however, if an appellate tribunal were of a different view on this particular issue, Philco, as junior party, could not (did not), in turn, sustain its burden with respect to conception of invention, reduction to practice, or diligence in reducing it to practice.[5]

RCA initially appealed the adverse decision of the Board under 35 U.S.C.A. § 141 which, in relevant part, provides:

"A party to an interference dissatisfied with the decision of the board of patent interferences on the question of priority may appeal to the United States Court of Customs and Patent Appeals, but such appeal shall be dismissed if any adverse party to such interference, within twenty days after the appellant has filed notice of appeal according to

---

1. Assignee of George C. Sziklai, Patent Application Serial No. 169,594.

2. Assignee of Robert C. Moore, Patent Application Serial No. 265,981.

3. Moore v. Sziklai, Patent Interference 87,816 (May 1958) p. 1.

4. Id. at p. 8.

5. Id. at pp. 20–21.

section 142 of this title, files notice with the Commissioner that he elects to have all further proceedings conducted as provided in section 146 of this title. Thereupon the appellant shall have thirty days thereafter within which to file a civil action under section 146, in default of which the decision appealed from shall govern the further proceedings in the case."

35 U.S.C.A. § 146, in part, provides:

"Any party to an interference dissatisfied with the decision of the board of patent interferences on the question of priority, may have remedy by civil action, if commenced within such time after such decision, not less than sixty days, as the Commissioner appoints or as provided in section 141 of this title, unless he has appealed to the United States Court of Customs and Patent Appeals, and such appeal is pending or has been decided. * * *"

Philco exercised its election under § 141. RCA then filed the present § 146 complaint. After all pleadings were filed, pretrial had, the case was fixed for trial. Philco calls attention to Ellis-Foster Company v. Union Carbide Corporation, D.C.N.J., 179 F.Supp. 177, 178,[6] with the caveat this Court may not have jurisdiction in the premises over the pending suit. Philco filed a motion for a continuance of the trial, here, until the Court of Appeals decides Ellis-Foster.

In Ellis-Foster, supra, Judge Meaney held jurisdiction in a § 146 district court depends upon the "effect of the decision of the Board of Patent Interferences" and "if effectively, in spite of some of the language used in its opinion, the Board dissolved the interference, then [a dis-

trict] court should not assume jurisdiction."[7] He concluded since the Board had decided plaintiff's application did not support the count in interference, the Board should have dissolved the interference and should not have characterized its adjudication as a determination of priority between the senior and junior parties.

At bottom, the same issue is involved in the instant case for the gist of the Board's holding is RCA's application "does not support the count in issue".[8] In both Ellis-Foster and the case at bar, the Board did not dissolve the interference (for failure on the part of one of the parties to make the interference count) as it had the power to do, but couched its determination in an award of priority. In the present case the Board, however, was not content to leave the proceedings in that posture. It proceeded along the priority lane to examine the proofs on the issues of conception, reduction to practice and diligence, holding on these issues the junior party had not sustained its burden,[9] if RCA could be said to have sustained its count.

The Ellis-Foster[10] rationale rests on two postulates: 1. jurisdiction conferred by § 146 is limited to the "Question of Priority"—a priority construed to mean conception and reduction to practice;[11] and 2. if the Board had limited its finding to a dissolution of the interference, as it might have done, no appeal under § 146 would lie.

The Rule of the Patent Office, 37 C.F.R. § 1.258, 35 U.S.C.A.Appendix 1, p. 729, provides:

"(a) In determining priority of invention, the Board of Patent Interferences will consider only priority of invention on the evidence submit-

6. The Ellis-Foster case is now on appeal to this Circuit (Appeal No. 13,187), has been briefed and argued, and awaits decision by the Third Circuit.

7. Id. at page 178.

8. Note 4, supra.

9. Note 5, supra.

10. Note 6, supra.

11. But see Turchan v. Bailey Meter, D.C. Del., 167 F.Supp. 58, where the court at page 66 appears to indicate conception and reduction to practice are only two elements of the priority factor: "In view of my findings of fact * * * and conclusions of law, there is no need to consider the question of priority of conception and reduction to practice."

ted. Questions of patentability of a claim generally will not be considered in the decision on priority; and neither will the patentability of a claim to an opponent be considered, unless the nonpatentability of the claim to the opponent will necessarily result in the conclusion that the party raising the question is in fact the prior inventor on the evidence before the Office, *or relates to matters which have been determined to be ancillary to priority and must be considered,* but a party shall not be entitled to raise such non-patentability unless he has duly presented and prosecuted a motion under § 1.232 for dissolution upon such ground or shows good reason why such a motion was not presented and prosecuted." (Emphasis supplied.)

In Smith v. Carter Carburetor Corp.[12] our Court of Appeals observed (Jones, J., Maris and Goodrich) "While the primary question in interference proceedings is the determination of priority of invention, other pertinent questions may be incidentally involved. * * * Among such, is whether the same or substantially the same invention is claimed by the contending parties." [13] The Court of Appeals concluded: "We have then to consider whether the early Ericson application disclosed the invention covered by the counts in interference." [14]

Thus, neither the rules of the Patent Office nor the Third Circuit restricts the considerations re priority to the questions of conception and reduction to practice alone. Judge Layton in Turchan v. Bailey Meter, D.C.Del., 167 F.Supp. 58, 63, although not directed to any jurisdictional issue (none being raised before him) stated in a § 146 case, " * * * should it be decided initially that the plaintiffs made no actual disclosure in their original application, that would be an end of the matter. It is to the ques-

tion of disclosure that our attention must be first directed." [15] In Turchan, as in the case at bar, the junior party was awarded priority because of inadequate disclosure of the senior application. In both Turchan and Smith v. Carter, supra, disclosure was considered the threshold question and manifestly "ancillary to the determination of priority." The analysis by both the Smith and Turchan courts demonstrates a § 146 court suffers no infirmity precluding the issue suggested by Philco here.

Tenney v. Nordmeyer [16] and American Cable Co. v. John A. Roebling's Sons Co., Inc.,[17] at first look support Judge Meaney in Ellis-Foster, supra, although he did not rely on them. For example, in Tenney, the Board of Appeals of the Patent Office affirmed the Trial Examiner's dissolution of an interference proceeding because appellant-applicant had failed to make the count in issue. On Appeal, the Court of Customs and Patent Appeals concluded the decision of the Board was interlocutory in nature precluding review of the holding. The Court stated: [18]

"In the instant case, the Primary Examiner had jurisdiction of the cause for the sole purpose of determining whether appellant was entitled to make the claim constituting the count in issue. The appeal to the Board of Appeals from the decision of the Primary Examiner dissolving the interference, as provided in rule 124, supra, did not confer jurisdiction upon the Board of Appeals of any issue other than that which, under the rules of the Patent Office, was, by the motion to dissolve, conferred upon the Primary Examiner. Accordingly, the issue of priority of invention was not before either of those tribunals, and the decision of each was, in form and substance, a dissolution of the interference.

---

12. 3 Cir., 130 F.2d 555, 557.

13. Id. at page 557.

14. Ibid. at page 557.

15. 167 F.Supp. 58, at page 63.

16. 94 F.2d 396, 25 CCPA 851.

17. 62 App.D.C. 168, 65 F.2d 801.

18. 94 F.2d 396, 398.

"The decision of the Board being interlocutory in character, the question of priority of invention not being involved, this court is without jurisdiction to entertain the appeal from that decision."

Similarly, in American Cable Co. v. John A. Roebling's Sons, Co., the Court of Appeals of the District of Columbia stated: [19]

"An interference proceeding is solely to determine the issue of priority, and the only final order that can be entered in such a proceeding is a determination of the question of priority. Motions to dissolve or to add counts go to the determination of whether or not the interference is properly declared. A decision therefore, on such motion is purely interlocutory."

In Carlin v. Goldberg, 45 App.D.C. 540, the court held:

"A motion to dissolve is interlocutory, and appeal will not lie to this court from an order thereon. The question of priority cannot be determined in proceeding purely upon the motion, for the elementary reason that if the motion is denied, the soundness of the question is ancillary to the final judgment of priority, and may be considered on appeal from the final order of priority; while if the motion be sustained, it ends the interference and no cause of action survives or exists upon which an order of priority can be based."

 Ellis-Foster [20] cannot be differentiated, as RCA suggests, because of Philco's election under § 141. RCA's position it had a right of appeal to the Court of Customs and Patent Appeals but Philco precluded it from exercising this right—so, Philco should now be estopped from contesting jurisdiction in the § 146 court—cannot be accepted. Jurisdiction does not rest on estoppel. The teachings of Tenney [21] and Roebling [22] do not support RCA's suggestion for if the interference had been dissolved at the Patent Office level no appeal would lie. Moreover, a federal court must raise sua sponte its authority to sit in judgment of a controversy where jurisdiction is not clear.

The reason for all this discussion on Philco's motion for a continuance of the trial of the case at bar is because Ellis-Foster, supra, is indistinguishable from the present fact complex here and becomes pertinent to the present motion. To accept jurisdiction here—to have a trial—requires repudiation of the Ellis-Foster ratio.

 Ellis-Foster, supra, places patent litigants in a precarious position. After the Board of Patent Interferences has rendered an Ellis-Foster adjudication, parties must, at best, literally guess where they may proceed next. If the Patent Office dissolves an interference no problem results under Tenney [23] and Roebling, [24] as the law is clear the determination is interlocutory. But, where the Patent Office couches its determination in terms of priority, important procedural consequences to the parties may result. [25] Under Ellis-Foster [26] parties

19. 65 F.2d 801, 802.

20. Note 6, supra.

21. Note 20, supra.

22. Note 21, supra.

23. Note 16, supra.

24. Note 17, supra.

25. 35 U.S.C.A. § 135 provides:
"Whenever an application is made for a patent which, in the opinion of the Commissioner, would interfere with any pending application, or with any unexpired patent, he shall give notice thereof to the applicants, or applicant and patentee, as the case may be. The question of priority of invention shall be determined by a board of patent interferences (consisting of three examiners of interferences) whose decision, if adverse to the claim of an applicant, shall constitute the final refusal by the Patent Office of the claims involved, and the Commissioner may issue a patent to the applicant who is adjudged the prior in-

26. See note 26 on page 945.

must go beyond the precise holding of the Patent Office to the reasons enunciated there. If the decision be wrongly interpretated litigants may find themselves in the wrong review forum. To guard against all possible contingencies and preserve the rights of the parties, precautionary actions would need be instituted.[27]

Since the district court is competent to decide the issue of adequate disclosure (as was done by the Court of Appeals in Smith v. Carter and the District Court in Turchan v. Bailey, supra), there should be no requirement for patent litigants to indulge in the guessing game each time they think they have a right to utilize § 146.

Section 146 provides: "Any party to an interference dissatisfied with the decision of the board of patent interferences on the question of priority, may have remedy by civil action." Tenney[28] and Roebling[29] properly construe the statute where one of the litigants has failed to support his claim and the action of the Patent Office is not a decision on the "question of priority". However, where a motion to dissolve has been overruled by the Primary Examiner, even though later the Board of Patent Interferences may find a party has failed to sustain his count, but nevertheless, the Board awards (after a consideration of the proofs) priority, then § 146 must be construed as being a suitable procedure for invocation by a party desiring judicial review by the District Court. Litigants have a right to rely on the Patent Office's precise ruling. If an administrative proceeding has been miscast by the Patent Office, the matter should be brought to the attention of that agency.

But, in a § 146 review the court need not rule the Patent Office improperly styled its determination and turn the litigants away.

Here, the Patent Office examined all the evidence and proofs as to conception and reduction to practice. In conclusion it stated: "For the reasons given priority of invention is hereby awarded to Robert C. Moore, the junior party".[30] In the begining, the Primary Examiner[30a] concluded there was an interference in fact and the senior party (Sziklai, RCA's assignor) had sustained the count of interference. The Board reversed the Primary Examiner, on this issue, on the ground RCA did not make its count. But, the Board treated this issue—properly so, I think—as ancillary to the question of priority. As stated, under Smith v. Carter[31] and Turchan v. Bailey Meter[32] a § 146 court must similarly rule on the issue preliminarily to an examination of the priority proofs.

Where the Patent Office makes an express award of priority, a § 146 district court becomes a proper forum to review the Board of Patent Interferences' determination "on the question of priority" and matters deemed ancillary thereto. Jurisdiction attaches by the very nature of the Patent Office's award of priority. In fact, the direction of the Court In re Creveling, 46 App.D.C. 536, namely, the parties in interference should remain in the inter partes proceedings (i. e., the interference proceedings) and there "await a final decision in the interference proceedings; *whatever might be the form of that decision * * * an appeal* therefrom to this court is peculiarly appropriate," conforms to the proper standard required for review and appeal.

ventor. *A final judgment adverse to a patentee from which no appeal or other review has been or can be taken or had shall constitute cancellation of the claims involved from the patent,* and notice thereof shall be endorsed on copies of the patent thereafter distributed by the Patent Office." (Emphasis added.)

26. Note 6, supra.

27. Note 25, supra.

28. Note 20, supra.

29. Note 21, supra.

30. Moore v. Sziklai, Patent Interference No. 87,816 (1958) at page 21.

30a. Luck v. Moore, Interference No. 86,-967, p. 15 et seq.

31. Note 12, supra.

32. Note 11, supra.

Philco's motion for a delay of the trial of the case at bar until the Court of Appeals determines its Appeal No. 13,187 [33] is denied.

Trial will be fixed to start November 7, 1960.