**PHILLIPS PETROLEUM COMPANY,**
Appellant,

v.

Edward J. BRENNER, United States Commissioner of Patents, Appellee.

**PHILLIPS PETROLEUM COMPANY,**
Appellant,

v.

**GOODRICH–GULF CHEMICALS, INC.,**
and

Monsanto Company, Appellees.

Nos. 20626, 20677.

United States Court of Appeals
District of Columbia Circuit.

Argued May 12, 1967.

Decided June 29, 1967.

Petition for Rehearing Denied
Aug. 16, 1967.

Mr. Sidney Neuman, Chicago, Ill., with whom Mr. Paul L. Gomory, Washington, D. C., was on the brief, for appellant.

Mr. Joseph Schimmel, Sol., U. S. Patent Office, with whom Mr. George C. Roeming, Atty., U. S. Patent Office, was on the brief, for appellee in No. 20,626.

Mr. R. W. Furlong, Boston, Mass., of the bar of the Supreme Judicial Court of Massachusetts, pro hac vice, by special leave of court, with whom Mr. Dos T. Hatfield, Washington, D. C., was on the brief, for appellee Goodrich-Gulf Chemicals, Inc.

Messrs. Ellsworth H. Mosher, Washington, D. C., John D. Upham, St. Louis, Mo., and L. Bruce Stevens, Jr., Pontiac, Mich., were on the brief, for appellee Monsanto Co.

Before EDGERTON, Senior Circuit Judge, and LEVENTHAL and ROBINSON, Circuit Judges.

LEVENTHAL, Circuit Judge:

Appellant Phillips Petroleum Corporation (Phillips) brought an action against the Commissioner of Patents, and an accompanying action against two corporations, Goodrich-Gulf Chemicals, Inc., and Monsanto Company. The three companies are assignees of patent applications which were placed in interference by the Patent Office in July 1964. The alleged invention involves a process for producing polybutadiene polymers, used as a synthetic rubber. When the preliminary statements were opened the Patent Office noted that the Phillips inventors had sworn to conception date subsequent to the April 1955 filing dates of the other inventors. In October 1964 the patent interference examiner issued an order to show cause why judgment should not be entered against the Phillips inventors. Phillips countered by filing motions to dissolve the interference on the ground that the apparently senior applicants had no right to make their claim because of lack of adequate disclosure in the applications.[1]

The Phillips motion was denied by the primary examiner to whom it had been referred, but the patent interference examiner granted Phillips' request to consider this motion at the final hearing on the interference. If its motion is granted Phillips will of course have a victory over the other companies.

Meanwhile, however, the Monsanto and Goodrich-Gulf priority dispute has proceeded on its course without Phillips. Phillips has been excluded from the sessions where evidence was taken, has been denied access to the records and briefs of the other companies, and will not be permitted to attend the final hearing. Its motion to dissolve will in effect be the subject of a separate presentation.

Phillips complains that it will be foreclosed from ascertaining and using admissions by the Monsanto and Goodrich-Gulf employees that support Phillips' position on the motion to dissolve. It says the Patent Office has arbitrarily changed in the middle of the game the rules of the Patent Office which provide, e. g., that testimony in interference proceedings shall be taken on notice to opposing parties (Rule 273). The board of patent interferences held that the order restricting Phillips, while not specifically provided for in the rules of practice, is in accordance with logic and the equities.[2] The Commissioner denied reconsideration.

Phillips' complaint in the District Court against appellee Commissioner sought a decree declaring its right to participate fully in the interference proceeding, including the portion restricted by the Patent Office to the other two parties.[3]

The District Court dismissed appellant's complaint, ruling that it should not interfere with a pending proceeding in the Patent Office until it is brought to a conclusion, at which time it may

---

1. They did not lay claim to a process involving the specific catalyst involved in the interference, says Phillips, until after the Phillips invention became public in 1963, when it successfully brought action to compel issuance of a product patent (not directly involved in this appeal). Phillips Petroleum Co. v. Ladd, 219 F. Supp. 366 (D.D.C. 1963).

2. The board decided from analogy to other rules preserving secrecy of Patent Office files unless disclosure is required, and specifically to Rule 227(b), providing that junior party is not even entitled to the preliminary statements of others. Phillips was considered a stranger to the controversy of the others, without any necessity for being present at the hearing thereon.

3. A companion action was also brought against the other companies seeking declaratory and injunctive relief.

review interlocutory rulings in an action to review the final order. Anderson v. Watson, 103 U.S.App.D.C. 99, 254 F.2d 956 (1958).

Appellant urges upon us that its case lies within an exception to the general rule invoked by the District Judge because substantial rights will be lost inevitably if the Patent Office proceeds on its present course. Appellant suggests it would have an adequate remedy if court proceedings after the final order were conducted in the Court of Customs and Patent Appeals under 35 U.S.C. § 141 (1964), because that court has authority to remand the case to the Patent Office. What appellant fears is that the other companies may elect under 35 U.S. C. § 141 "to have all further proceedings conducted as provided in Section 146." Appellant says that 35 U.S.C. § 146 (1964) contains no authority for the District Court to remand to the Patent Office.

We begin our discussion by disclaiming any intention of boring the nonpatent bar, and amusing or mystifying the patent bar, by discussing at this juncture the Patent Office rules. The idiosyncrasies of Patent Office practice, and the unusual terminology of the practitioners, reinforce customary doctrines of judicial restraint.

■ While the Patent Office is unique in many ways, certain fundamental characteristics it shares with the other agencies of Government. First, it has the authority to act in accordance with fundamental principles of justice, by appropriate issuance and application of rules and use of good judgment on matters not covered by rules. Second, it is subject to judicial review and restraint in case of arbitrary rules or rulings that infringe on private rights.

■ Congress has not only provided for judicial review of Patent Office action in interference proceedings, it has provided two possible avenues: by appeal to the Court of Customs and Patent Appeals (35 U.S.C. § 141), or by "civil action" (35 U.S.C. § 146). However, the civil action remedy is available only to an applicant "who has been *finally* denied a patent because of a Patent Office decision against him and in favor of his adversary on the question of priority." Sanford v. Kepner, 344 U.S. 13, 15, 73 S.Ct. 75, 76, 97 L.Ed. 12 (1952) [4] (Emphasis added).

■■ Appellant has not even had a determination of its motion to dissolve the interference proceeding. The mere disposition of that motion, one way or the other, is interlocutory, and the applicant cannot protest this action directly either by appeal to the Court of Customs and Patent Appeals [5] or by a civil action under Section 146.[6] The only final order in an interference proceeding is a determination of priority.

■ Appellant says its action is brought under the Administrative Procedure Act. To the extent that other statutory review provisions are inadequate there may be leeway to proceed under the Administrative Procedure Act for review of final Patent Office actions. We so held in Sikora v. Brenner,[7] and the propriety of that ruling has been fortified by the Supreme Court's recent exposition in Abbott Laboratories v. Gardner.[8] But even if review under 35

---

4. The court was construing the former Section 63, predecessor of Section 146.

5. Tenney v. Nordmeyer, 94 F.2d 396 (C.C. P.A. 1938).

6. Ellis-Foster Co. v. Union Carbide & Carbon Corp., 284 F.2d 917, 926–927 (3d Cir. 1960), cert. denied, 365 U.S. 813, 81 S.Ct. 693, 5 L.Ed.2d 692 (1961); American Cable Co. v. John A. Roebling's Sons, Co., 62 App.D.C. 168, 169, 65 F.2d 801,

802 (1933); Carlin v. Goldberg, 45 App. D.C. 540 (1917).

7. 126 U.S.App.D.C. ——, ——, 379 F.2d 134, 136 (May 8, 1967).

8. 387 U.S. 136, 87 S.Ct. 1507, 18 L.Ed.2d 681 (U.S. May 22, 1967).
   The Supreme Court has reiterated that the generous review provisions of that act must be given a hospitable interpretation and has approved the view that only

U.S.C. § 146 proves inadequate, the only action provided under the Administrative Procedure Act is by review of final action, not by review of a procedural order.[9]

■ However, the scope of remedy available in an action under 35 U.S.C. § 146 is not as limited as appellant says. Actions under Title 35 may be decided so as to result in further proceedings in the Patent Office.[10] Without deciding whether the District Court may order a remand as such, it can provide equivalent relief by staying its proceeding pending further proceedings in the Patent Office.[11]

■ The prematurity of the present action plainly appears from consideration of the successive possibilities that may lie ahead: Appellant may prevail in the Patent Office on the motion to dissolve. The corporate appellees may acquiesce in review by the Court of Customs and Patent Appeals. Appellant may persuade the Patent Office that its practice of withholding issuance of patent when appeal has been taken to the

Court of Customs and Patent Appeals should be extended so as to avoid giving an extra benefit to the patentee who elects to require that such appeal be displaced by a new court action.[12]

■ Appellant's case is a far cry from those exceptional cases where a court may consider the validity of what is in form an interlocutory administrative order but is in substance a final determination of individual rights or a deprivation of a substantive statutory right.[13] Such exceptional authority is available only if the court is clearly convinced that review of final action would be completely unable to vindicate the statutory or substantive right. Courts have generally not found themselves powerless to fashion remedies needed to correct injustice. Just as equity developed the mandatory injunction, as courts unable to revise a jury verdict developed the remittitur, as courts confronted with invalid administrative action fashioned the conditional injunctive decree, so courts reviewing arbitrary Patent Office final action will generally be able to

on a showing of clear and convincing evidence of a contrary legislative intention should the courts restrict access to judicial review. We think this principle applies not only where a specific statute is claimed to preclude judicial review, but also where it is invoked as delimiting the scope of judicial review. Meaningful judicial review embraces authority adequate to cope with and excise the aftermath of arbitrary rulings of the Patent Office, if any, that taint its final action and affect individual rights. In general, judicial review provisions of Title 35 marked an effort by Congress to assure, not to restrict, adequacy of judicial review of the Patent Office.

9. *See* 5 U.S.C. § 704 (Supp. II 1965–66) : Agency actions made reviewable by statute and final agency action for which there is no other adequate remedy in a court are subject to judicial review. A preliminary, procedural, or intermediate agency action or ruling not directly reviewable is subject to review on the review of the final agency action.

10. Hoover Co. v. Coe, 325 U.S. 79, 89, 65 S.Ct. 955, 89 L.Ed. 1488 (1945).

11. California Research Corp. v. Ladd, 123 U.S.App.D.C. 60, 65, 356 F.2d 813, 818 (1966); International Standard Elec. Corp. v. Ooms, 81 U.S.App.D.C. 215, 157 F.2d 73 (1946).

12. *See* the reference in Hoover Co. v. Coe, *supra* note 10, 325 U.S. at 84, 65 S.Ct. at 957, to the two statutory review provisions as "alternative remedies resulting in the same sort of relief." *See also* note 11 above. The customary Patent Office practice as related on argument in the District Court, is to issue the patent in due course, within a few months, if recourse is had to a District Court under 35 U.S.C. § 146.

13. *Cf.*, Leedom v. Kyne, 358 U.S. 184, 79 S.Ct. 180, 3 L.Ed.2d 210 (1958); Skinner & Eddy Corp. v. United States, 249 U.S. 557, 39 S.Ct. 375, 63 L.Ed. 772 (1919); Delta Air Lines v. CAB, 97 U.S.App. D.C. 46, 49, 228 F.2d 17, 20 (1955); Deering Milliken, Inc. v. Johnston, 295 F.2d 856 (4th Cir. 1961).

fashion remedies they deem needful to correct injustices.[14]

To obviate any possible misunderstanding we add that our comments on the availability of remedies in a court review of a final Patent Office order in no way imply that we have concluded the Patent Office has acted improperly vis a vis appellant.

Affirmed.

---

14. There is a complication of sorts, since the Commissioner has general discretion to decline to intervene in an action under 35 U.S.C. § 146. Ellis-Foster Co. v. Union Carbide & Carbon Corp., *supra* note 6, 284 F.2d at 925. We need not consider to what extent there may be limitations on that discretion. The courts may issue appropriate orders to the private defendants.