**John E. BRADLEY, Plaintiff,**

v.

**UNITED STATES DEPARTMENT OF COMMERCE, PATENT AND TRADEMARK OFFICE, Defendant.**

**Civ. A. No. 3–84–0421–H.**

United States District Court, N.D. Texas, Dallas Division.

July 2, 1984.

John E. Bradley, pro se.

Stafford Hutchinson, Asst. U.S. Atty., Dallas, Tex., for defendant.

## MEMORANDUM OPINION AND ORDER

SANDERS, District Judge.

This case is before the Court on Defendant's Motion to Dismiss Without Prejudice, Brief and Exhibits in Support thereof, filed May 14, 1984. No responsive pleading has been filed, although the time for doing so has long since elapsed. Local Rule 5.1(e). The Motion, therefore, is ripe for adjudication. For the following reasons, the Court is of the opinion that Defendant's Motion should be granted.

### Factual Background

Plaintiff's Complaint, filed *pro se* on March 19, 1984, asserts that Defendant wrongfully and erroneously denied him a patent for his "J.B. Lantern Stand". The denial, he alleges, was motivated by discrimination based on Plaintiff's race, black. He seeks issuance of the patent from this Court.

The uncontroverted record before the Court establishes the following: Plaintiff filed his patent application with the Patent and Trademark Office on April 13, 1979. Defendant's Exhibit A, pp. 5–12. After examination of the application, it was rejected on April 1, 1980, for failure to comply with the specification requirements of 35 U.S.C.A. § 112 (West Supp.1984) and for failure to comply with the non-obvious subject matter requirement of 35 U.S.C.A. § 103 (West 1954). Defendant's Exhibit A, pp. 13–19. Plaintiff responded to this action by sending several photographs of the J.B. Lantern Stand and reurging issuance.

On November 28, 1980, the Examiner sent a communication to Plaintiff that explained in detail the procedure Plaintiff must follow in order to be entitled to a reexamination of his application, and provided an expanded discussion of the basis for the earlier rejection. Enclosed with this communication were copies of the applicable statutes and regulations. Defendant's Exhibit A, pp. 22–25. By letter dated February 23, 1981, Plaintiff again requested that his patent be issued and inquired whether an additional fee was required. He enclosed a drawing of the J.B. Lantern Stand that closely resembled the drawing submitted with the initial application. Defendant's Exhibit A, pp. 26–28.

On June 9, 1981, the Examiner posted a letter to Plaintiff notifying him that his application was deemed abandoned for failure to address the deficiencies found in the April 1, 1980, decision. The accompanying remarks explained the procedure for reviving the application. Defendant's Exhibit A., pp. 29–32. On June 30, 1983, Plaintiff's application was revived by the Commissioner of Patents and Trademarks based upon a finding that Plaintiff's delay in prosecuting his application was unavoidable. Defendant's Exhibit A, p. 88.

After a reexamination of the application, it was again rejected on July 28, 1983. In the accompanying memorandum the examiner cited the same deficiencies as had been cited in the earlier rejection of April 1, 1980. The notice provided that Plaintiff's response, if any, must be filed within three months. If no response was filed, the application would become abandoned pursuant to 35 U.S.C.A. § 133 (West 1954). Defendant's Exhibit A, pp. 89–94. By letter dated March 8, 1984, Plaintiff was notified that his application was deemed abandoned due to his failure to respond to the July 28 communication. On March 19, 1984, he filed his suit in this Court.

Defendant's Motion, brought pursuant to Fed.R.Civ.P. 12(b)(1), challenges this Court's subject matter jurisdiction over Plaintiff's claim. By submitting the administrative record of the Patent and Trademark Office concerning Plaintiff's patent application, Defendant has made a factual attack on the issue of subject matter jurisdiction. By doing so, Defendant has shifted to Plaintiff the burden of proving, by a preponderance of the evidence, that this Court does have subject matter jurisdiction. *Paterson v. Weinberger,* 644 F.2d 521, 523 (5th Cir.1981).

Defendant's argument, in sum, is that: (1) Plaintiff has allowed his patent application to become abandoned; (2) Without revival of the application, he can proceed no further with either his administrative or his judicial remedies; (3) Plaintiff cannot obtain judicial review of the Patent Office decision until he has appealed to the Patent Office Board of Appeals; (4) Judicial review of the decision of the Board of Appeals can only be undertaken in the United States Court of Appeals for the Federal Circuit or the United States District Court for the District of Columbia.

## Analysis

Title 35 of the United States Code, Chapter 13, sets forth the statutory scheme for judicial review of decisions of the Patent and Trademark Office. Section 141 provides, in pertinent part:

An applicant dissatisfied with *the decision of the Board of Appeals* may appeal to the United States Court of Appeals for the Federal Circuit, thereby waiving his right to proceed under section 145 of this title ....

35 U.S.C.A. § 141 (West Supp.1984) (emphasis added). Section 145, entitled "Civil action to obtain patent", provides:

> An applicant dissatisfied with *the decision of the Board of Appeals* may unless appeal has been taken to the United States Court of Appeals for the Federal Circuit, have remedy by civil action against the Commissioner in the United States District Court for the District of Columbia . . . .

35 U.S.C.A. § 145 (West Supp.1984) (emphasis added). The availability of administrative review is established by Section 134, which provides:

> An applicant for a patent, any of whose claims has been twice rejected, may appeal from the decision of the primary examiner to the Board of Appeals, having once paid the fee for such appeal.

35 U.S.C.A. § 134 (West 1954).

Thus, for the patent applicant seeking an order compelling issuance of a patent, the statutory scheme clearly contemplates administrative review by the Board of Appeals followed by judicial review in either the Federal Circuit Court of Appeals or the U.S. District Court for the District of Columbia. *Ellis-Foster Co. v. Union Carbide Corp.*, 179 F.Supp. 177, 178–79 (D.C. N.J.1959), *rev'd on other grounds,* 284 F.2d 917 (3d Cir.1960), *cert. denied,* 365 U.S. 813, 81 S.Ct. 693, 5 L.Ed.2d 692 (1961). The uncontroverted record establishes that Plaintiff has not pursued his administrative remedy. Moreover, even if he had, jurisdiction would not be proper in this Court. *Paley v. Wolk,* 262 F.Supp. 640, 642 (D.C. Ill.1965), *cert. denied,* 386 U.S. 963, 87 S.Ct. 1031, 18 L.Ed.2d 112 (1967).

Accordingly, this Court is of the opinion that it lacks subject matter jurisdiction over Plaintiff's claim. Defendant's Motion should be, and it is hereby, GRANTED. Plaintiff's Complaint is hereby DISMISSED without prejudice to refiling in the appropriate forum at the appropriate time.

SO ORDERED.