**ROHM AND HAAS COMPANY,**
**Plaintiff,**

v.

**COMMISSIONER OF PATENTS,**
**Defendant.**

**Civ. A. No. 470–72.**

United States District Court,
District of Columbia.

March 5, 1973.

Franklin D. Wolffe, Fidelman, Wolffe, Leitner & Hiney, Washington, D.C., for plaintiff; Wm. E. Lambert, III, Geo. W. F. Simmons, Rohm & Haas Co., Philadelphia, Pa., of counsel.

S. Wm. Cochran, Sol., for defendant; Jos. F. Nakamura, Washington, D.C., of counsel.

## MEMORANDUM OPINION

McGUIRE, Judge.

This action arises under 5 U.S.C. § 702 and 28 U.S.C. § 1361. Plaintiff is a Delaware Corporation and the assignee of Sheldon N. Lewis and Jerome F. Levy, petitioners in a patent application denominated: "Method of Preparing Novel Sulfonic Acid Salts of Acyloxyalkylamines and Compounds Therefrom". There were originally 22 claims in the application.

In June 1971 ostensible generic claims, amended claims 23 and 24, were withdrawn from consideration by the Examiner as supporting multiple inventions. Upon request for reconsideration the Examiner reaffirmed the withdrawal. Subsequently the applicant petitioned the Commissioner to review the action of the Examiner, and that official, acting through his properly designated alter ego, declined to grant the relief requested and affirmed the original action. From this affirmation the applicant had no further appeal within that Office.[1]

---

1. In re Hengehold, 440 F.2d 1395, 58 CCPA 1099 (1971). See also Ex parte Haas, 175 U.S. P.Q. 217 (1972).

Plaintiff, claiming in the circumstances that it is aggrieved, filed this complaint for summary judgment in the nature of mandamus to direct the Patent Office to examine the claims in question

"in accordance with its statutes, rules and regulations—specifically 35 U.S.C. 6, 35 U.S.C. 101, 35 U.S.C. 121, Rules 141, 142 and 146 of the United States Patent Office Rules of Practice in Patent Cases, and Chapter 800 of the Manual of Patent Examining Procedure".

■ The claims, Nos. 23 and 24, are of the so-called Markush [2] type and they are the only claims with which we are concerned. This type of claim appears only in chemical cases and is an improvisation or artificial one dictated by expediency and, indeed, necessity. It is a claim which is permitted by the Office to be utilized or indulged in when there is no commonly accepted generic expression which is commensurate in scope with the field which the applicant desires to cover.[3] It was designed in the interest of fairness in circumstances where there was a lack of properly delineatorial language as a consequence of which the applicant's patent protection was endangered. It was and is solely the creature of administrative largess dating back to *Markush, supra,* and from which this form of claim derives its name. An improper Markush claim or group is one in which the members of the group include patentably distinct members.[4]

The practice thus established has been that of the Office for many years and it is to be noted no statute or rule of practice pursuant thereto gives a right to an applicant to present this form of claim. Neither is there any statute or rule specifically prescribing any particular method of handling this type of anomalous and unorthodox claim. It is solely, it seems, exclusively a matter of administrative practice and procedure.

Thus, on the facts here it would seem pointless in the circumstances to expend time and energy in reexamining such a claim or claims which could not, for the reasons stated, under any circumstances be allowed, apart from the dissipation of examining energy and the denigration in fact of the intent of Congress with reference to examining fees.[5]

35 U.S.C. § 131 speaks of an examination of the application and invention. It does not specify that an applicant should have an examination for more than one invention. Such interpretation would be directly in conflict with the provisions of 35 U.S.C. § 121 which provides that: "If two or more independent and distinct inventions are claimed in one application, the Commissioner may require the application to be restricted to one of the inventions."

The provisions of Section 706.-03(y) M.P.E.P. are not to the contrary, or in negation of the action taken here. Nor does 35 U.S.C. § 131, nor Patent Office Rule 104(a) compel the Commissioner to examine improper Markush type claims, and certainly not those which are directed to multiple invention.

■ The Court, therefore, finds nothing in the action taken by the Patent Office warranting the conclusion that what was done was either arbitrary or capricious, constituted an abuse of discretion, or was in violation of any statute or rule, and it so holds.

■ With respect to whether or not in the circumstances the agency should have proceeded by general rule or by individual adjudication, the Court expresses no opinion since that is a matter which lies within the informed discretion of the Commissioner. See: Securi-

2. Ex parte Markush, 340 O.G. 839 (1924).

3. M.P.E.P. 706.03(y).

4. Ex parte Palmer and Fulton, 398 O.G. 707 (1929).

5. Patent Fees Act of July 24, 1965, Public Law 89-83, 79 Stat. 259 amending 35 U.S.C. § 151.

ties and Exchange Commission v. Chenery Corp., 332 U.S. 194, 202, 203, 67 S. Ct. 1575, 91 L.Ed. 1995 (1947).

Plaintiff's motion for summary judgment is denied and the cause dismissed.

Order accordingly.