**FORD MOTOR COMPANY, Plaintiff,**

v.

**COMMISSIONER OF PATENTS, Defendant.**

**Civ. A. No. 1503-72.**

United States District Court, District of Columbia.

March 5, 1973.

G. Franklin Rothwell, Washington, D. C., for plaintiff.

Joseph F. Nakamura, S. William Cochran, Washington, D. C., for defendant.

*Memorandum Opinion*

McGUIRE, District Judge.

This case came on in the usual course on plaintiff's motion for summary judgment in the nature of mandamus and defendant's cross motion for summary judgment, and was heard. Later, while the matter was *sub judice*, defendant filed a motion to dismiss raising the question of jurisdiction, i. e., that there was an appeal pending to the Board of Appeals with reference to the controversy.

In response, plaintiff denied that there is an appeal pending, admits there was an appeal filed which through error contained the claims here in contention, i. e., Nos. 41-47, 49-60, and 62-66, which had not been "finally rejected" but had been "withdrawn from consideration". Said claims subsequently have been dismissed by plaintiff from the appeal. In other words, it contends that as the matter now stands, in its view there is no appeal pending in the Patent Office with respect to the above claims, although there is on claims Nos. 48 and 61 which were rejected.

The Court, therefore, since this proceeding is brought mainly under 5 U.S.C. 702 et seq., gives that statute a broad " 'hospitable interpretation' " as it has been suggested it must do,[1] and concludes that jurisdiction lies and therefore assumes such and dismisses the motion.

Factually, the nature of the case and the question of law involved are the

---

1. Curran v. Laird, 136 U.S.App.D.C. 280, 283, 420 F.2d 122, 125 (1969); Phillips Petroleum Co. v. Brenner, 127 U.S.App.D.C. 319, 383 F.2d 514 (1967).

same in essence as that in Rohm and Haas v. Commissioner of Patents, U.S. D.C.D.C., 387 F.Supp. 673, decided March 5, 1973. What was said in relation to the disposition therein made is appropriate and dispositive here, namely, the claims involved are of the Markush type and as such are the creature of Office liberality, and since "there is no statute or rule specifically prescribing any other method of handling this type of anomalous and unorthodox claim," it is and has been a matter of administrative practice and procedure long established. The ruling there is dispositive of the case here, namely, that the action taken was violative of neither statute, nor rule, nor was it arbitrary, nor capricious, nor did it constitute an abuse of discretion in the circumstances. See Securities & Exchange Commission v. Chenery Corp., 332 U.S. 194, 202, 203, 67 S. Ct. 1575, 91 L.Ed. 1995 (1947).

Plaintiff's motion for summary judgment dismissed, defendant's cross motion for summary judgment granted. Order accordingly.